Memorandum. The order appealed from should be modified, without costs, and the case remitted to Family Court, Westchester County, for further proceedings. Respondent perfected a timely appeal from the 1975 order modifying a previous filiation order entered in 1969. This order of modification created a new right to appeal, and brings before the court the entire order, including those issues that would have been raised on an appeal from the 1969 order alone. (See Cohen and Karger, Powers of the New York Court of Appeals, § 104, at pp 436-437.) We do not believe that the Family Court lost jurisdiction to enter the original order of filiation due to the lapse of two and one-half years between the rendering of a decision and the initial entry of an order. In our opinion the court retained continuing jurisdiction to make "an appropriate and suitable order or judgment which manifests the existence of a determination.” (See Merrick v Merrick, 266 NY 120, 122.) Of course, the appellant’s delay in submitting a proposed order may represent an abandonment of the action. The appellant’s over-all delay in seeking enforcement of the 1967 decision may also warrant application of the doctrine of laches. On remand, therefore, the Family Court should consider whether, on the present facts, recovery of prior support payments should have been barred under a theory of either *900 abandonment or laches. The court may also reconsider whether a reasonable level for support payments was set and whether the amount of arrears was correctly determined.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, and the matter remitted to the Family Court, Westchester County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.