In the Matter of BRENDA YY, Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHIRLEY YY, Appellant.—Appeal from an order of the Family Court of Broome County, entered April 21, 1977, which adjudged that appellant's child was permanently neglected, permanently terminated appellant's parental rights and awarded custody of the child to petitioner. In October, 1976, a petition was filed by the Broome County Department of Social Services alleging that appellant's daughter was a permanently neglected child. On December 20, 1976, the Family Court ordered that judgment be suspended based upon a stipulation under the terms of which appellant agreed, among other things, to continue in a treatment program at an alcoholic clinic and not drink to excess. A subsequent petition, dated March 4, 1977 and entitled a petition for modification of order, was filed by the Department of Social Services. This petition alleged that on February 18, 1977, appellant became intoxicated, as a result of which she was hospitalized for three days for detoxification, and that subsequent thereto she had been consuming alcoholic beverages. It was requested in the petition that appellant's child be adjudicated permanently neglected. The Family Court found that appellant had violated the order of December 20, 1976 suspending judgment and adjudged her child to be permanently neglected. The court also ordered that appellant's paren-

tal rights be permanently terminated and awarded custody of the child to the Social Services Department. This appeal ensued. Initially, we conclude that contrary to appellant's contention, the condition in the stipulation that appellant not drink to excess was not unreasonable nor invalid. Concerning the order suspending judgment, appellant urges that the order failed to comply with the requirements of 22 NYCRR 2506.1 (b). At the time the order was entered, however, the applicable regulation contained no such specific requirements as are now contained in 22 NYCRR 2506.1 (b) (22 NYCRR 2505.1, repealed eff Jan. 1, 1977). We are of the view that the order was proper under the then applicable rules and regulations and, therefore, appellant's argument must be rejected. Appellant also contends that the court erred in revoking the order suspending judgment on the ground that the petition sought a modification of the order pursuant to 22 NYCRR 2506.1 (e), rather than revocation pursuant to 22 NYCRR 2506.1 (d). The petition, although requesting modification of the order, contained a concise statement of acts which would constitute noncompliance with the order and requested that the child be adjudicated permanently neglected. In essence, the relief requested in the petition would necessitate the revocation of the order suspending judgment. Furthermore, the record reveals that appellant and her attorney were aware that the granting of the petition would entail the revocation of the order. Consequently, we are of the view that in the present case the petition was in substantial compliance with 22 NYCRR 2506.1 (d) and the Family Court could properly revoke the order suspending judgment. Accordingly, the order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.