■ In the Matter of ERIK VAUGHN D. NEW YORK FOUNDLING HOSPITAL, Appellant; SOLANGE DE LA PAZ, Respondent;—Order, Family Court, New York County, entered April 25, 1978, suspending for one year the making of a final order of disposition based on the court's finding that the subject child is permanently neglected, affirmed, and the matter remanded to Family Court to make the appropriate order of disposition, without costs. The suspension, based upon articulated doubts as to the best interests of the child in relation to his natural mother, was within the authority of the court (Family Ct Act, § 631, subd [b]; § 633). That order has, within recent days, expired by its terms and should be replaced forthwith by a dispositional order granting the relief requested in the petition, based on the findings and for the reasons stated in the very order appealed from. Concur —Bloom, Markewich, Yesawich and Ross, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would reverse and free the child for adoption. (Family Ct Act, § 631, subd [c].) This child is one of four children born out of wedlock, each of the children having different fathers and none of them residing with the mother, except for one four-year-old son, who resides with her on weekends only. This child is nine years old and has been judicially determined to be a permanently neglected child. He is with foster parents who would adopt, but who do not want the child to have further ties to the natural mother, who, in turn, would like an "open adoption", which would provide for some form of condition allowing visitation by her. The child, although he has emotional ties with his foster parents and very little relationship with the mother, does have some affection for her. The Family Court, pursuant to subdivision (b) of section 631 of the Family Court Act, suspended judgment for one year. (Family Ct Act, § 633, subd [b].) This was an abuse of discretion, although probably made out of sympathy with the desire that the relationship with the mother, no matter how tenuous, not be completely cut. A bifurcated relationship would only confuse matters. (See *Matter of Catala,* 57 AD2d 823.) Moreover, postponement serves no well-defined purpose. The child is still in limbo, and it is the child's best interest with which we are concerned. *(Matter of Orlando F.,* 40 NY2d 103.)