OPINION OF THE COURT
Edward J. McLaughlin, J.
The question now before the court is what effect a suspended judgment made pursuant to subdivision (b) of section 631 and subdivision (a) of section 633 of the Family Court Act has when the commissioner does not move to revoke the order *928 during the year when the suspended judgment is in effect and the parents of the children do not move to modify the disposition. The court holds that when no action is taken by any party to a suspended judgment of permanent neglect, the order of suspended judgment is extinguished, the rights of the parents are permanently terminated and the guardianship and custody of the children is committed to the Commissioner of Social Services. (22 NYCRR 2506.1 [e]; see Matter of Erik D., 70 AD2d 800.)
The matter now before the court involves a petition filed by the Department of Social Services on January 24, 1980, seeking revocation of an order of disposition made by this court on March 3, 1978 and filed on March 20, 1978. The order for which revocation is sought incorporates a stipulation entered into by the parties, finding the children, Deborah Townsend, Marie Townsend and Charles Davis, to be permanently neglected pursuant to article 6 of the Family Court Act. The court suspended judgment for one year. (Family Ct Act, § 631, subd [b]; § 633, subd [a]; 22 NYCRR 2506.1.)
The respondent parents now allege that the failure of the Department of Social Services to seek to revoke the suspension of judgment within the year it was in effect "has lulled the respondents into a false sense of security that their parental rights would not be terminated.” The court is unpersuaded by this reasoning.
In its order of suspended judgment filed on March 20, 1978, the court included specific conditions which the parents of the subject children must adhere to. (22 NYCRR 2506.1.) In addition to provisions regarding the actions which the parents must take with regard to the subject children, the order also contained the following provision: "That if at the end of the period of the suspension of judgment, the respondent/mother * * * and respondent/father custodian * * * fail to move the court for the children to be returned to their home, that the suspension of judgment will ripen into a permanent termination of parental rights and that the court will award custody of the above named children to the Commissioner of Social Services for the County of Onondaga.” Further, the order of suspended judgment contained a provision that service of that order would be deemed sufficient notice to the respondents of the consequences of their failure to comply with the conditions of the order. (See Matter of Brenda YY, 69 AD2d 966.)
Respondent argues that the failure of the Department of *929 Social Services to move to revoke the suspended judgment in a timely manner "is tantamount to an abandonment of the action.” In a situation in which an order of filiation was not entered for two years after it was made, while the Appellate Division found that the trial court had lost jurisdiction, the Court of Appeals found that the trial "court retained continuing jurisdiction to make 'an appropriate and suitable order or judgment which manifests the existence of a determination’ ”, citing Merrick v Merrick (266 NY 120, 122). (Matter of Veronica P. v Larry L., 42 NY2d 898, 899, cert den 434 US 956.) Here, according to the terms of the order itself, which was properly filed and entered, the outcome that would occur at the end of the year’s suspension if the parents failed to move the court for the children to be returned to their home was clearly enunciated. While it may be argued that the public policy of New York State would have been carried out more expeditiously by a prompt filing by the commissioner of a motion of revocation (see Social Services Law, § 384-b), the tardy filing of the motion to revoke does not effect the court’s jurisdiction.
Accordingly, the subject children are committed to the custody and guardianship of the Commissioner of Social Services with the admonition that, the children now being free for adoption, every effort be made to speedily find a permanent home for these children.