OPINION OF THE COURT
Paula J. Hepner, J.
The question this court must decide is whether the petition is deemed dismissed or parental rights are deemed terminated, by operation of law, at the end of a period of suspended judgment during which neither party has taken any action. A subordinate issue raised in this motion concerns the legal force and effect of the terms of a suspended judgment which is not reduced to the form of an order and entered in accordance with section 217 of the Family Court Act, the Uniform Rules for Trial Courts at 22 NYCRR 205.14, and CPLR 2219 and 2220.
On April 23, 1990 the Catholic Guardian Society filed a petition to terminate the parental rights of the three aforenamed respondents. On June 7, 1991, the respondent mother appeared and was assigned counsel. When the parties returned on December 6, 1991, the respondent was advised of her rights, offered an admission to the allegations contained in paragraph 10 of the petition, and the court entered a finding of permanent neglect. Pursuant to Family Court Act § 625 (a) the parties agreed to dispense with the dispositional hearing and the petitioner moved, with the consent of all parties, for a suspended judgment of six months pursuant to Family Court Act § 631 (b) and § 633. In accordance with Family Court Act § 633 (a) and the Uniform Rules for Trial Courts at 22 NYCRR 205.50, the suspended judgment contained the following terms and conditions: (a) the respondent was to complete an alcohol treatment program and refrain from using alcohol; (b) the agency was to effectuate a trial discharge of the children when the respondent mother completed the alcohol program (anticipated to be in two months); (c) prior to the commencement of the trial discharge, the agency was to provide the Law Guardian and counsel for the respondent with a progress report which would include the results of urine, blood and breathalyzer tests; and (d) the agency was to provide the court with a progress report in the fifth month of the suspended judgment.
At the conclusion of the proceeding on December 6, 1991, the court directed petitioner’s attorney to submit an order within 60 days on notice to all counsel, covering the fact *412 finding and disposition.[1] Sometime in the beginning of August 1992, the proposed order was submitted to the court.[2] The court returned the papers and directed counsel to annex an affirmation explaining why the order had not been submitted within 60 days and was submitted, instead, eight months after the suspended judgment was granted. The proposed order along with the required affirmation was resubmitted to the court on August 27, 1992 and after reviewing the papers, the court signed the order on September 4, 1992.
On October 9, 1992, four months after the suspended judgment lapsed, the respondent mother moved to set aside the order of September 4, 1992 in accordance with CPLR 3211 (a) because it does not reflect accurately the terms stipulated to on December 6, 1991. She also moved to dismiss the termination petition alleging that she complied with all of the terms and conditions of the suspended judgment, and asserted the court no longer has jurisdiction over her or the matter. In the alternative, she moved to set aside the finding of permanent neglect and asked the court to schedule a new fact-finding hearing. Counsel for the parties appeared on October 20, 1992 and the court directed the parties to submit memoranda addressed to the legal issues raised on respondent’s motion. Memoranda were received from all counsel by November 16, 1992 and the court now makes the following determination.
LEGAL ANALYSIS
Family Court Act § 165 (a) provides that "[u]pon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is *413 not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceeding involved.” Under CPLR 2104, "stipulations” are an agreement between parties or their attorneys relating to any matter in an action. Pursuant to CPLR 2104, stipulations, when made in open court, are binding upon a party regardless of whether they are in writing or reduced to the form of an order and entered. Therefore, even though no order was signed embodying the terms and conditions of the suspended judgment on December 6, 1991, the stipulation delineating those terms and conditions was made in open court, on the record, and it is binding upon the parties.[3]
The failure to enter an order within the time in which it was to be filed does not deprive a court of authority to enter the order later. In Matter of Veronica P. v Larry L. (42 NY2d 898 [1977]), the Court of Appeals decided that the Family Court did not lose jurisdiction to modify a temporary order of support due to a lapse of 2Vi years between the date the court entered orders of paternity and temporary support and the date the proposed modification was submitted. The Court held that the Family Court "retained continuing jurisdiction to make ’an appropriate and suitable order or judgment which manifests the existence of a determination’.” (Matter of Veronica P. v Larry L., supra, at 899.)[4] Based on the foregoing, the court did not lack jurisdiction to enter the order dated September 4, 1992 even though the stipulation was not reduced to writing within 60 days nor timely filed with the court.
Upon a finding of permanent neglect, the court is required to hold a dispositional hearing unless, pursuant to Family Court Act §625, the hearing is dispensed with because a determination can be made based on the competent evidence admitted at the fact-finding hearing. When proceeding to disposition in either situation, Family Court Act § 631 authorizes the court to make one of three determinations: dismissing the petition, suspending judgment, or committing the *414 guardianship and custody of the child to the petitioner. When a court enters a suspended judgment, it has determined that parental rights should be terminated and the child freed for adoption but, because of some mitigating circumstance, entry of that order should be suspended for a period of time and the parent given one last chance to complete the goals necessary to be reunited with the child.
The Uniform Rules for Trial Courts at 22 NYCRR 205.50 specify the procedure to be followed if a respondent fails to comply with the terms and conditions of an order suspending judgment under Family Court Act § 631. Rule 205.50 (d) (1) provides that "a petition for the revocation of the order may be filed.” Subdivision (d) (4) of the rule states that "if, after a hearing, the court is satisfied that the allegations of the petition have been established, the court may modify, revise or revoke the order of suspended judgment.” Because the rules prescribe a specific procedure when a respondent does not comply with the agreed upon terms and conditions, the suspended judgment does not result in an automatic termination of parental rights without a hearing on the alleged violation. (Matter of Lawrence Clinton S., 186 AD2d 808 [2d Dept];[5] Matter of Patricia O., 175 AD2d 870 [2d Dept 1991].)
Rule 205.50 (d) (1) is silent, however, with respect to the procedure for concluding a suspended judgment when the respondent satisfies the terms and conditions set forth, or when no further action is taken by any party prior or subsequent to the expiration of the suspended judgment. In Matter of Townsend (104 Misc 2d 927 [Fam Ct, Onondaga County 1980]), the court held that "when no action is taken by any party to a suspended judgment of permanent neglect, the order of suspended judgment is extinguished, the rights of the parents are permanently terminated and the guardianship and custody of the children is committed to the Commissioner of Social Services” (at 928). In Townsend, however, the suspended judgment contained specific language " '[t]hat if at the *415 end of the period of the suspension of judgment, the respondents] * * * fail to move the court for the children to be returned to their home, that the suspension of judgment will ripen into a permanent termination of parental rights and that the court will award custody of the [children] to the Commissioner’ ” (at 928). This language appears to incorporate the provisions of CPLR 3215 (i) (2) into the suspended judgment procedure by providing that a failure to comply with the terms and conditions contained therein would result in a default judgment and entry, without further notice, of an order terminating the respondent’s parental rights. The stipulation before the court does not contain any provision similar to CPLR 3215 (i) (2), therefore an order terminating parental rights is not self-executing at the end of the suspended judgment.[6]
A suspended judgment that has been allowed to lapse may automatically result in a dismissal of the petition by operation of law under CPLR 3404.[7] Had the case been marked “off” the court’s calendar on June 6, 1992 when the suspended judgment lapsed, and if the case was not restored within one year thereafter, the court could deem the case abandoned for a failure to prosecute pursuant to CPLR 3404 and dismiss the petition. This procedural remedy, however, is not available to the respondent because the petitioner’s failure to prosecute has not exceeded the one-year period required by the rule. Since the suspended judgment in this matter was for a six-month period, this court lacks the power to interpret these rules to apply to a shorter period of time than the statute allows. Therefore, the termination proceeding cannot be *416 deemed abandoned although the six-month period for the suspended judgment has expired.
DECISION
Once granted, a suspended judgment effectively stays a proceeding in time and place unless and until a party makes some motion to bring the case to a conclusion, or the case may be deemed abandoned by operation of law under the rules of the CPLR. The Uniform Rules for Trial Courts require the court hold a hearing whenever a party makes a motion to revoke or set aside a suspended judgment based on the respondent’s noncompliance. No less should be required when a motion is made to dismiss the proceeding based on the respondent’s alleged cooperation, since Family Court Act § 631 compels a court to make a dispositional order based solely on the best interests of the child. Accordingly, the respondent’s motion is granted in part, and the matter is set down on January 29, 1993 for a hearing to determine whether the respondent has fulfilled the terms and conditions of the suspended judgment and, if so, whether it is in the best interests of the child to dismiss the petition.

. Uniform Rules for Trial Courts 205.14 provides that "proposed orders * * * must be submitted for signature, unless otherwise directed by the court, within 30 days after the signing and filing of the decision directing that the order be settled or submitted.” Family Court Act § 217 (3) provides that "[t]he court shall file or direct the filing of an order within twenty days of the decision of the court. If the court directs that such order be settled on notice, such twenty day period shall commence on the date on which such order is settled.” In this case, the court allowed the petitioner 60 days in which to settle the order.

. There is ancient case law establishing the right of any interested party to have an order drawn up and entered if the party entitled to the order fails to do so. (Matter of Rhinebeck & Conn. R. R. Co., 8 Hun 34, affd 67 NY 242 [1876].) The case continues to be cited for this principle. (Matter of Murka v Bryant, 53 AD2d 773 [3d Dept 1976]; Collins v Olsker-McLain, 22 AD2d 485 [4th Dept 1965]; see also, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2219.02, n 8.) The respondent’s attorney did not propose any order and submit it on notice when the petitioner’s attorney failed to act.

. The failure to reduce the terms and conditions to a writing prevented the respondent from being furnished with a copy of the order, as required by 22 NYCRR 205.50 (b). In addition, 22 NYCRR 205.50 (b) provides that "the order shall contain a written statement informing the respondent that a failure to obey the order may lead to its revocation and to the issuance of an order for the commitment of the guardianship and custody of a child.” The failure to reduce the terms and conditions to a writing deprived the respondent of this notice as well.

. In dicta, the Court acknowledged that the delay might represent an abandonment of the action or laches.

. In Matter of Lawrence Clinton S. (supra, at 808), the respondent mother was told, at the time she consented to a suspended judgment, that "the consequences of her failure to comply with the conditions could result in revocation of the suspended judgments and termination of her parental rights.” After the hearing, in which the lower court found that the respondent mother had not complied with the terms and conditions of the suspended judgment, the court terminated her parental rights. The Appellate Division affirmed the termination of parental rights finding that the mother "did not fulfill her obligations under the suspended judgments” (at 809).

. The suspended judgment provisions of article X are also not self-executing. The Legislature adopted a similar procedure in Family Court Act § 1071 for commencing a proceeding to revoke a suspended judgment if the terms and conditions of the order are not followed. If the Legislature wanted to make suspended judgments under Family Court Act §§ 633 and 1053 self-executing, it could have done so as it has in other sections of the Family Court Act, specifically Family Court Act § 1039 (f) which provides for automatic dismissals in the case of adjournments in contemplation of dismissal when no action is taken to restore the case to the calendar.

. A proceeding may also be dismissed by operation of law pursuant to CPLR 3216. Under this rule, a respondent may move to dismiss a case because the petitioner has "unreasonably neglect[ed]” to proceed against him/her. A motion made on these grounds requires the respondent serve upon the petitioner a demand to prosecute and one year must have elapsed since joinder of issue. It would not be appropriate to apply this rule to the situation before the court since the case has been prosecuted to disposition and a suspended judgment has been entered.