■ In the Matter of FAY H. et al., Alleged to be Permanently Neglected Children. FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SYLVIA H., Appellant. — Appeal from an order of the Family Court of Fulton County (Hood, J.), entered April 7, 1983, which found respondent's five children to be permanently neglected and committed the guardianship and custody of said children to petitioner. ¶ On July 14, 1982, respondent, the mother of the five children who are the subject of the instant permanent neglect proceeding to terminate parental rights, admitted in open court the factual allegations of the petition. The case was then adjourned for six months for a dispositional hearing to determine whether the guardianship and custody of the children should be committed to petitioner (Family Ct Act, §§ 631, 634), thereby enabling petitioner to place them for adoption without respondent's consent. It was stipulated that during the interim period, respondent would be given the opportunity to demonstrate her fitness as a parent through progressively extended visitation with the children, subject to various terms and conditions, including, *inter alia,* her establishment of adequate stable living quarters, adherence to the regular visitation schedule, refraining from inappropriate disciplining of the children (including excessive verbal abuse) and restricting those who could share living quarters with her to "stable adult parent substitutes". Respondent also agreed to submit to a psychiatric examination and to the disclosure of the results thereof to Family Court. ¶ The dispositional hearing commenced February 23, 1983 and, after hearing testimony from a Department of Social Services caseworker and from respondent, Family Court committed the guardianship and custody of the children to petitioner. This appeal by respondent followed. ¶ Contrary to respondent's contention, it was not necessary at the dispositional hearing for petitioner to establish the elements of permanent neglect; respondent had previously admitted these elements at the fact-finding hearing. The sole issue before Family Court at the dispositional hearing was whether it was in the best interest of the children that their guardianship and custody be committed to petitioner (Family Ct Act, § 631). The evidence at the dispositional hearing amply supported Family Court's conclusion that the children's best interests required the termination of respondent's parental rights. Notably, it was established that respondent failed to fulfill her obligations under the stipulation previously entered into in several important respects. The sleeping accommodations for all five children were less than satisfactory at the duplex apartment she occupied. She had failed to adhere to the regular visitation schedule during the trial period, without furnishing the documentary verification of her excuses as required under the stipulation. She was at least partly living with a male friend, of doubtful stability, who verbally abused one or more of the children and impeded the development of a good parent-child relationship. Family

Court was also justified in weighing the psychiatric report concerning respondent, which states that it "is questionable as to whether her emotional development and control is adequate for adult tasks". Respondent's objections to Family Court's findings raise nothing more than an issue of credibility of witnesses, which was solely within the province of Family Court to resolve. Accordingly, the order should be affirmed. ¶ Order affirmed, without costs. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.