■ In the Matter of DEBRA ANN D. and Another. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA D., Appellant.—In two proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother of two children on the ground that the children are permanently neglected, the mother appeals from a dispositional order of

the Family Court, Rockland County (Stanger, J.), dated July 28, 1986, which, after a hearing, revoked the suspended judgment of the same court dated February 26, 1985, terminated the mother's parental rights with respect to the children, and transferred guardianship and custody of the children to the petitioner Rockland County Department of Social Services (hereinafter the DSS).

Ordered that the order is affirmed, without costs or disbursements.

The record indicates that at the time of the fact-finding and dispositional hearings, the respondent mother knowingly, intelligently and voluntarily entered her plea of admission to the allegations that she had permanently neglected her children contained in the petition filed against her by the DSS, thus satisfying the burden of proof necessary for the court's finding of permanent neglect (see, Family Ct Act § 622). Our review of the record in this case gives us no cause, moreover, to disagree with the Family Court's later determination, following a hearing, that the mother violated the terms and conditions of the suspended judgment that had been negotiated by the parties at the time of the mother's plea of admission (see, Family Ct Act § 633; 22 NYCRR 205.50).

The mother's further contention that the DSS failed to meet its obligation to use diligent efforts to encourage and strengthen the parental relationship during the pendency of the suspended judgment is without merit (cf., Matter of Julius P., 63 NY2d 477; Matter of Anonymous [St. Christopher's Home], 40 NY2d 96, 102-103). Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.