■ In the Matter of WILLIAM PP., Alleged to be a Permanently Neglected Child. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEANETTE PP., Appellant, et al., Respondent.—Mercure, J. Appeal from an order of the Family Court of Madison County (O'Brien, III, J.), entered March 5, 1991, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate William PP. a permanently neglected child, and terminated respondents' parental rights.

Respondent Jeanette PP. (hereinafter respondent) is the mother of William PP., a child who was placed with petitioner in March 1986. In February 1990, petitioner commenced this proceeding alleging that respondent (1) abandoned William from June 23, 1989 until the filing of the petition on February 15, 1990, and (2) failed, for a period of more than one year after William came into petitioner's care, to substantially and continuously or repeatedly maintain contact with or plan for William's future, although physically and financially able to do so, notwithstanding petitioner's diligent efforts to encourage and strengthen the parental relationship. On September 18, 1990, at the commencement of a fact-finding hearing, respondent admitted in open court the factual allegations of the petition and acknowledged that William was an abandoned and permanently neglected child. Family Court made an adjudication on respondent's admission and, following a subsequent dispositional hearing, terminated respondent's parental rights. Respondent appeals.

We affirm. Initially, we reject the contention that respondent was misled into admitting the allegations of the petition by statements of Family Court "creat[ing] an expectation in [respondent's] mind * * * that [she] could dispense with having the hearing on the petition * * * [because subsequent good and positive actions would] be taken into account in a dispositional sense". To the contrary, Family Court stressed the fact that it made "absolutely no guarantee, no commitment, no nothing" concerning the possible disposition. Similarly meritless is the contention that, in her allocution, respondent disputed the allegations of permanent neglect, requiring further inquiry by Family Court. It is clear from our reading of the record that the alleged "dispute" did not constitute a denial of any of the allegations of the petition and that respondent entered her admission knowingly, intelli-

gently and voluntarily and after a full opportunity to consult with her attorney *(see, Matter of Debra Ann D.,* 133 AD2d 83, 84). Moreover, the claim that respondent could not contact William for a period of four months while she "waited and waited" for a "new person" to come see her about making phone calls does not excuse respondent's absence of contact during that period *(see, Matter of Catholic Child Care Socy. [Danny R.],* 112 AD2d 1039, 1040).

In her challenges to the proof of permanent neglect and of respondent's physical and financial ability to make the necessary contacts, respondent ignores the fact that Family Court's adjudication was based upon her admission and not upon evidence adduced at a fact-finding hearing *(see, Matter of Patricia O. [Patricia K.],* 175 AD2d 870, 871; *Matter of Fay H.,* 103 AD2d 977). Respondent's admission satisfied petitioner's burden of proof *(see, Matter of Debra Ann D., supra).* For the same reason, it makes no difference, from respondent's perspective, whether the testimony of William's father was sworn or unsworn or whether he testified at all. Finally, on this record we see no basis for disturbing Family Court's determination to terminate respondent's parental rights.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.