■ In the Matter of SHARENA C. and Another, Children Alleged to be Neglected. MYRA FRANCIS C., Appellant.—In two proceedings pursuant to Social Services Law § 384-b to adjudicate Sharena C. and Erica C. permanently neglected children and to terminate the mother's parental rights, the mother appeals from (1) an order of disposition of the Family Court, Rockland County (Stanger, J.), dated August 8, 1988, which, after a hearing, revoked stated portions of a suspended judgment, dated September 1, 1987, terminated the mother's parental rights with respect to Sharena C., and transferred guardianship and custody of Sharena C. to the Rockland

County Department of Social Services, and (2) an order of the same court, also dated August 8, 1988, which, after a hearing, revoked stated portions of the suspended judgment of the same court, dated September 1, 1987, terminated the mother's parental rights with respect to Erica C., and transferred guardianship and custody of Erica C. to the Rockland County Department of Social Services.

Ordered that the orders are affirmed, without costs or disbursements.

The instant proceedings were initially commenced in or about July 1986. On September 1, 1987, in open court, the mother made a knowing, intelligent, and voluntary admission that she had permanently neglected her children, who are the subjects of these proceedings. Upon the mother's voluntary admissions, the court issued a suspended judgment requiring her to comply with various conditions as enumerated in 22 NYCRR 205.50 (see, Family Ct Act § 633). On or about February 22, 1988, a further petition was filed alleging that the mother had violated many of the conditions of the suspended judgment. Following a fact-finding hearing, the court found that the mother had violated the conditions of the suspended judgment and terminated her parental rights. We affirm.

The mother's knowing and voluntary admissions to the allegations in the original permanent neglect petitions satisfied the burden of proof necessary for the court's finding of permanent neglect (see, Family Ct Act § 622; Matter of Debra Ann D., 133 AD2d 83, 84). In addition, the evidence presented at the hearing supports the court's finding that the mother violated the terms and conditions of the suspended judgment issued at the time of her admissions (see, Family Ct Act § 633; 22 NYCRR 205.50).

We have considered the mother's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.