■ In the Matter of LAWRENCE CLINTON S. LORETTA G. S., Appellant; WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 1.) In the Matter of CHRISTINE DANIELLE S. LORETTA G. S., Appellant; WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 2.)—In two proceedings pursuant to Social Services Law § 384-b to adjudicate Lawrence S. and Christine S. permanently neglected or abandoned children and terminate the mother's parental rights, the mother appeals from so much of two orders (one order as to each child) of the Family Court, Westchester County (Barone, J.), both dated August 7, 1990, as, after a hearing, revoked the suspended judgments of the same court, dated April 5, 1990, terminated the mother's parental rights with respect to the children, and transferred guardianship and custody of the children to the Westchester County Department of Social Services.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

On or about December 10, 1985, the appellant's two minor children, ages six and three respectively, at that time, were found to be neglected pursuant to Family Court Act article 10. The children were placed in the care and custody of the Westchester County Department of Social Services (hereinafter the DSS) for a period of 18 months, and their placement was extended by the court periodically as required by law. On or about October 10, 1989, the DSS filed two petitions (one as to each child) seeking, inter alia, to terminate the mother's parental rights pursuant to Social Services Law § 384-b on the ground that the children had been permanently neglected and/or abandoned.

On February 7, 1990, with the assistance of counsel, the mother admitted the allegations of abandonment in open court, and consented to the entry of suspended judgments requiring her to comply with certain conditions for a period of three months. She was informed that the consequences of her failure to comply with the conditions could result in revocation of the suspended judgments and termination of her parental rights. Three months later, on May 7, 1990, the court

conducted a hearing to determine whether the mother had complied with the conditions. The court found that she had violated the conditions of the suspended judgments and terminated her parental rights. We now affirm.

The mother's knowing and voluntary admissions in open court on February 7, 1990, satisfied the burden of proof necessary for the court's finding of abandonment (see, Matter of Sharena C., 186 AD2d 249; Matter of William PP., 185 AD2d 397; Matter of Debra Ann D., 133 AD2d 83; Matter of Fay H., 103 AD2d 977). Further, the evidence adduced at the May 7, 1990, hearing supports the court's finding that the mother did not fulfill her obligations under the suspended judgments (see, Matter of Sharena C., supra; Matter of Gerald M., 112 AD2d 6; Matter of Fay H., supra).

We have reviewed the mother's remaining contentions and find them to be without merit. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.