■ In the Matter of ISRAEL R., a Child Alleged to be Abandoned. DAYSE R., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent, and MICHAEL L. et al., Intervenors-Respondents. [606 NYS2d 639] —Order, Family Court, New York County (Mary E. Bednar, J.), entered July 17, 1991, after a dispositional hearing, which declined to terminate respondent's parental rights and entered a suspended judg-ment for a period of one year upon certain conditions, which order followed a fact-finding determination on May 23, 1991, that respondent had abandoned her son by failing without excuse to maintain contact with him or petitioner agency for at least six months prior to the filing of the termination

petition; and order of the Family Court, New York County (Jeffry Gallet, J.), entered March 12, 1993, which vacated the suspended judgment and terminated respondent's parental rights to her son and committed his custody and guardianship to petitioner and the Commissioner of Social Services for the purpose of adoption by the intervenor foster parents, unanimously affirmed, without costs.

While there is no statutory mandate requiring a dispositional hearing after a finding of abandonment pursuant to Social Services Law § 384-b, the court was within its discretion to hold such a hearing to determine the best interests of the child (cf., Matter of Joyce T., 65 NY2d 39, 47). There is no presumption that such best interests will be best served by return to the parent or by any other particular placement (Matter of Star Leslie W., 63 NY2d 136, 147-148). While evidence of the quality of the foster home and the bonding of the child to the foster parents was presented, respondent testified regarding her voluntary entry into a drug treatment program, her problems with her family, and her intent to visit the child during treatment. Having assessed the character and intent of the parties, the court was within its discretion in suspending judgment for one year and imposing specific conditions on respondent, including monthly visitation (see, Matter of Irene O., 38 NY2d 776, 777).

Because undisputed evidence was presented that respondent did not comply with the visitation requirement of the suspended judgment, the court properly vacated the judgment (see, Matter of Lawrence Clinton S., 186 AD2d 808). The court thereafter also acted in the child's best interests by immediately terminating respondent's parental rights and did not abuse its discretion by failing to conduct a further dispositional hearing (see, Matter of Patricia O., 175 AD2d 870, 871). Concur—Sullivan, J. P., Asch, Rubin, Nardelli and Williams, JJ.