■ In the Matter of MYCHAEL S., a Child Alleged to be Neglected. SANDRA L., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [611 NYS2d 409] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Petitioner, Erie County Department of Social Services (DSS), charged respondent with permanent neglect, alleging that she substantially failed to plan for the future of her child, and sought termination of her parental rights. The plan devised by DSS for reuniting respondent and her son had four objectives: respondent would continue to participate in a drug treatment program, become drug-free, visit the child on a weekly basis, and obtain a suitable apartment. In the 15 months that the child was in petitioner's care prior to the filing of the petition, respondent made sporadic but unsuccessful attempts to achieve those objectives.

At the fact-finding hearing, respondent testified without objection that, in the interim between the one-year period alleged in the petition and the hearing, she relocated from Buffalo, New York, to Williamsport, Pennsylvania. In Williamsport, she completed a drug treatment program, obtained full-time employment, purchased a car and rented an apartment. Though drug-free, she continues to participate in counseling and to attend meetings of Narcotics Anonymous and Alcoholics Anonymous. Respondent testified that, whenever she was able to travel to Buffalo, she made a concerted effort to visit with her son, and she visited with her son at the time of the fact-finding hearing.

The parties agreed at the end of the fact-finding hearing to dispense with a dispositional hearing (see, Family Ct Act § 625 [a]). Family Court then determined that respondent had failed to plan for the future of her child, and thus, that the child was permanently neglected. Although Family Court characterized respondent's recent conduct as "admirable", it concluded that it could not consider that conduct. That was error. When the court dispenses with a dispositional hearing, it may make an order of disposition on the basis of competent evidence admitted at the fact-finding hearing (Family Ct Act § 625 [a]).

The conduct of respondent subsequent to the filing of the petition amounted to a "substantial * * * change" from conduct during the one-year period alleged in the petition. Family Court was obliged to consider that changed conduct at the dispositional stage (cf., Matter of Star Leslie W., 63 NY2d 136, 147). Under the circumstances, the order is reversed and the matter is remitted to Family Court for its consideration of evidence elicited at the hearing concerning the conduct of respondent subsequent to the filing of the petition and prior to the hearing and for its determination whether, in light of such evidence, petitioner sustained its burden of proving that the best interests of the child require that his guardianship and custody be committed to an authorized agency (see, Family Ct Act § 614 [1] [e]). (Appeal from Order of Erie County Family Court, O'Donnell, J.—Permanent Neglect.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.