■ In the Matter of JOSHUA JUSTIN T., a Child Alleged to be Neglected. DOLORES T., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [617 NYS2d 326] —Order of disposition, Family Court, New York County (Bruce Kaplan, J.), entered July 15, 1993, terminating respondent's parental rights and transferring custody and guardianship to petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

The court properly vacated the suspended judgment on the basis of the evidence adduced at the violation hearing that respondent missed a substantial number of scheduled visits with her son and that her excuses were vague, largely self-serving and sometimes contradictory. *(Matter of Israel R.,* 200 AD2d 498.) In view of this demonstrated lack of commitment, the evidence at the dispositional hearing that the child had lived with the foster mother for approximately three and a half years, that he had bonded with her and his foster brother, and that the foster mother wanted to adopt him clearly justified the court's finding that termination of respondent's parental right was in the child's best interests. Concur —Carro, J. P., Rosenberger, Ellerin, Nardelli and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JOHNSON, Appellant. [617 NYS2d 325] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered December 11, 1991, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The jury's finding that defendant committed a robbery is supported by the testimony of eyewitnesses. Contrary to defendant's contention, there is no requirement that the victim testify *(see, e.g., People v Hall,* 196 AD2d 792, *lv denied* 82 NY2d 850).

We have considered defendant's other contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Nardelli and Tom, JJ.