■ In the Matter of ORANGE COUNTY DEPARTMENT OF SO-CIAL SERVICES, on Behalf of JASON PAUL W. and Another, Children Alleged to be Neglected, Respondent, v JEANNE Z., Appellant. [619 NYS2d 676] —In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), dated June 17, 1993, which, after a hearing, lifted a suspended judgment of the same court, dated November 5, 1992, terminated her parental rights, and transferred guardianship and custody of the children to the Orange County Department of Social Services.

Ordered that the order is affirmed, without costs or disbursements.

In 1989, the appellant's four minor children were found to

be neglected and placed in the care and custody of the Orange County Department of Social Services (hereinafter DSS). In 1992, the DSS filed a petition seeking to terminate the mother's parental rights pursuant to Social Services Law § 384-b on the ground that the children had been permanently neglected. On October 15, 1992, in open court, the mother admitted the allegations in the petition and consented to the entry of a suspended judgment requiring her to comply with certain conditions. She was informed that the consequences of her failure to comply with the conditions could result in revocation of the suspended judgment and termination of her parental rights.

On May 27, 1993, the court conducted a hearing to determine whether the mother complied with the conditions. The court found that she had not complied with the conditions of the suspended judgment and terminated her parental rights. We affirm.

The mother's knowing and voluntary admissions to the allegations in the original permanent neglect petition satisfied the burden of proof necessary for the court's finding of permanent neglect (see, Matter of Sharena C., 186 AD2d 249; Matter of Lawrence Clinton S., 186 AD2d 808; Matter of Debra Ann D., 133 AD2d 83). Further, the evidence adduced at the hearing supports the court's finding that the mother did not fulfill her obligations under the suspended judgment (see, Matter of Sharena C., supra; Matter of Lawrence Clinton S., supra).

We have reviewed the mother's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.