■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of STEVEN D. and Others, Respondents. STEVEN B., Appellant. [648 NYS2d 944] —In three proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother, legal father, and putative father, the putative father appeals from an order of the Family Court, Kings County (Yancey, J.), dated October 13, 1994, which, after a hearing, terminated his parental rights on the ground that he currently is, and for the foreseeable future will be, unable by reason of mental illness to provide proper and adequate care for his children.

Ordered that the order is affirmed, without costs or disbursements.

In 1989 the presentment agency filed a petition seeking to terminate the putative father's parental rights in his oldest son pursuant to Social Services Law § 384-b on the grounds of permanent neglect and mental illness. On February 6, 1991, in open court, the putative father admitted that he had permanently neglected his oldest son and consented to the entry of a suspended judgment requiring him to comply with certain conditions for a period of one year. He was informed by the court that the consequences of his failure to comply with the conditions could result in revocation of the suspended judgment and termination of his parental rights. On February 5, 1992, the court extended the suspended judgment for six months. Thereafter, following a fact-finding hearing, the court found that the father had violated the conditions of the suspended judgment.

In September 1993 the presentment agency filed two petitions seeking to terminate the putatives' father's parental rights in his two younger sons pursuant to Social Services Law § 384-b on the ground of mental illness. After a combined dispositional hearing as to the oldest son and fact-finding hearing as to the two younger sons, the Family Court found that the putative father was unable to provide proper care for the children by reason of mental illness and terminated his parental rights.

The putative father's knowing and voluntary admission to permanent neglect satisfied the burden of proof necessary for the court's finding of permanent neglect as to the oldest son (*see, Matter of Orange County Dept. of Social Servs. [Jason Paul*

*W.] v Jeanne Z.,* 209 AD2d 703; *Matter of Sharena C.,* 186 AD2d 249; *Matter of Lawrence Clinton S.,* 186 AD2d 808; *Matter of Debra Ann D.,* 133 AD2d 83). Further, the evidence adduced at the hearing supports the court's finding that the putative father did not fulfill his obligations under the suspended judgment *(see, Matter of Orange County Dept. of Social Servs. [Jason Paul K.] v Jeanne Z., supra; Matter of Sharena C., supra; Matter of Lawrence Clinton S., supra).*

Moreover, the agency established by clear and convincing evidence that the putative father is unable to properly care for his children at present or in the foreseeable future *(see,* Social Services Law § 384-b [4] [c]; *Matter of Hime Y.,* 52 NY2d 242).

The putative father's remaining contentions are without merit. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.