◼ In the Matter of HASSAN JALIL D. and Others, Children Alleged to be Neglected. REBECCA VICTORIA D. et al., Appellants; WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [663 NYS2d 991] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother and father separately appeal from three orders of the Family Court, Westchester County (Cooney, J.), entered September 20, 1994, which, after a hearing, determined that they violated three orders of fact-finding and disposition of the same court, denominated "suspended judgments", entered February 26, 1993, and terminated their parental rights with respect to Aamir Nazeer D., Raheem Jamal G., and Hassan Jalil D., respectively, and transferred guardianship and custody of these children to the Westchester County Department of Social Services. The father also appeals from three orders of the same court, entered September 20, 1994, which, after a hearing, determined that he violated three additional orders of fact-

finding and disposition of the same court, denominated "suspended judgments", entered February 26, 1993, and terminated his parental rights with respect to Nadiyah Denise G., Kalik Fard G., and Zakiyyah Medina W., respectively, and transferred guardianship and custody of these children to the Westchester County Department of Social Services.

Ordered that the orders are affirmed, without costs or disbursements.

On February 25, 1993, pursuant to a proceeding brought by the Department of Social Services, the appellant father made knowing, intelligent, and voluntary admissions that he had permanently neglected his six children, the subjects of this appeal. On the same date, the appellant mother made knowing, intelligent, and voluntary admissions that she had permanently neglected three of the children that were hers. Pursuant to such admissions, the Family Court, by individual orders entered February 26, 1993, found the children to have been permanently neglected. However, the court suspended the orders for a period of nine months on condition, *inter alia,* that the appellants attend certain substance abuse and therapy programs, and attend supervised visits with the children. On or about September 15, 1993, the petition at bar was filed, alleging that the appellants had failed to fulfill these conditions. After a fact-finding hearing, the court found that the appellants had failed to fulfill the conditions of the 1993 suspended orders of fact-finding and disposition. Following a dispositional hearing, the court terminated the parental rights of the appellants and ordered that the guardianship and custody of the children be transferred to the Westchester County Department of Social Services. We now affirm.

The admissions made by the appellants pursuant to the initial neglect proceedings were sufficient to support the court's findings of permanent neglect *(see,* Family Ct Act § 622; *see also, Matter of Sharena C.,* 186 AD2d 249, 250). Further, the evidence presented at the hearings supported the court's findings, *inter alia,* that the appellants had failed to satisfy the conditions of the suspended 1993 orders of fact-finding and disposition and that the termination of their parental rights was in the best interests of the children *(see, Matter of Orange County Dept. of Social Servs. [Jason W.] v Jeanne Z.,* 209 AD2d 703; Family Ct Act § 633; 22 NYCRR 205.50).

We have considered the appellants' remaining contentions and find them to be without merit. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.