■ In the Matter of A. CHILDREN. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent; KIM H., Appellant. [679 NYS2d 909] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother of three children on the basis of permanent neglect, the mother appeals from three dispositional orders (one as to each child) of the Family Court, Kings County (Ambrosio, J.), each dated March 18, 1997, which, after fact-finding and dispositional hearings, *inter alia*, terminated her parental rights and committed the custody of the children to the Commissioner of Social Services of the City of New York and to Harlem Dowling-Westside Center for Children and Family Services.

■ In the Matter of A. CHILDREN. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent; STEPHANIE A., Appellant. [679 NYS2d 908] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother of five children on the basis of permanent neglect, the mother appeals from five dispositional orders (one as to each child) of the Family Court, Kings County (Ambrosio, J.), each dated March 18, 1997, which, after fact-finding and dispositional hearings, *inter alia*,

terminated her parental rights and committed the custody of the children to the Commissioner of Social Services of the City of New York and to Harlem Dowling-Westside Center for Children and Family Services.

Ordered that the dispositional orders are affirmed, without costs or disbursements.

A suspended judgment may be revoked if the court finds that a preponderance of the evidence adduced at a violation hearing establishes noncompliance with a condition of that judgment (*see, Matter of Jennifer VV.,* 241 AD2d 622; *Matter of Jennifer T.,* 224 AD2d 843, 844; *Matter of Joshua Justin T.,* 208 AD2d 469; *Matter of Israel R.,* 200 AD2d 498; *Matter of Grace Q.,* 200 AD2d 894, 895; *Matter of Lawrence Clinton S.,* 186 AD2d 808, 809; *Matter of Gerald M.,* 112 AD2d 6). The evidence presented at the hearings supports the Family Court's findings, *inter alia,* that the mother failed to satisfy certain conditions of the suspended judgments and that the termination of her parental rights was in the best interests of the children (*see, Matter of Orange County Dept. of Social Servs. [Jason Paul W.] v Jeanne Z.,* 209 AD2d 703; *Matter of Sharena C.,* 186 AD2d 249; *Matter of Lawrence Clinton S., supra*).

The mother's remaining contention is without merit. Ritter, J. P., Thompson, Pizzuto and McGinity, JJ., concur.