■ In the Matter of BILLIE JOE R. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA R., Appellant. In the Matter of MARIA DEL CARMEN R. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA R., Appellant. [694 NYS2d 70] —In related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from two orders of the Family Court, Westchester County (Edlitz, J.), both dated July 3, 1997, which, upon her consent to findings of permanent neglect and after a dispositional hearing, terminated her parental rights and transferred guardianship and custody of the children to the Westchester County Department of Social Services.

Ordered that the orders are affirmed, without costs or disbursements.

The Westchester County Department of Social Services (hereinafter the DSS) commenced these proceedings to terminate the mother's parental rights pursuant to Social Services Law § 384-b on the grounds of permanent neglect and/or mental illness. The Family Court conducted a hearing, and the mother, while represented by counsel and assisted by a Spanish interpreter, consented to findings of permanent neglect in satisfaction of the allegations set forth in the guardianship

petitions. The court conducted a dispositional hearing to determine the best interests of the children regarding guardianship and custody. After evaluating, *inter alia*, the testimony of the caseworker and the report of the court-appointed psychiatrist, the court determined that the mother was unable to provide proper care for the children and terminated her parental rights.

Contrary to the mother's contentions, the findings of permanent neglect were supported by clear and convincing evidence. During questioning by the court and counsel for the DSS, the mother stated that she understood the nature of the proceedings, and the possible consequences of consenting to the findings of permanent neglect, and she expressed satisfaction with her counsel. The mother's knowing and voluntary consent satisfied the burden of proof necessary for the court's findings of permanent neglect (*see*, Family Ct Act § 622; *Matter of Commissioner of Social Servs. [Steven D.]*, 232 AD2d 557; *Matter of Orange County Dept. of Social Servs. [Jason Paul W.] v Jeanne Z.*, 209 AD2d 703).

The mother's remaining contentions are without merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.