■ In the Matter of RITA XX. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLADYS XX. et al., Appellants. [719 NYS2d 747] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 26, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents are the biological parents of Rita XX. (born in September 1987) and Mary XX. (born in November 1988), both of whom were placed in petitioner's custody in August 1996 as a result of physical abuse perpetrated on the older child by her father, respondent Daniel XX. (hereinafter the father). In February 1997, respondents were adjudicated to have neglected and abused the children and were Ordered to participate in various services. One year later, petitioner filed the instant petition seeking termination of their rights on the ground of permanent neglect (*see,* Social Services Law § 384-b [7] [a]). After finding the children to be permanently neglected based on respondents' admissions to substantial portions of the allegations in the petition, Family Court postponed the dispositional

hearing for six months. After several additional extensions, the dispositional hearing was ultimately held, resulting in an order terminating respondents' parental rights and committing the custody of the children to petitioner. Respondents appeal.

We reject the argument by the children's mother, respondent Gladys XX. (hereinafter the mother), that petitioner failed to prove the elements of permanent neglect at the *dispositional* hearing. The mother's admission that she permanently neglected her children dispensed with the need by petitioner to put forth any evidence on this issue at the fact-finding hearing (*see, Matter of Fay H.*, 103 AD2d 977; *see also, Matter of Patricia O.*, 175 AD2d 870, 871; *Matter of Debra Ann D.*, 133 AD2d 83, 84). The only issue before Family Court at the *dispositional* hearing was the appropriate disposition in light of the children's best interests (*see,* Family Ct Act § 631; *see, Matter of Star Leslie W.*, 63 NY2d 136, 147; *Matter of Fay H., supra*).

As to Family Court's disposition in this matter—termination of both respondents' parental rights—we find no basis to disturb it. According to the testimony of Elizabeth Olmstead, the caseworker assigned to respondents' case, numerous service plans were designed for respondents which required, *inter alia,* each parent to attend parenting classes and mental health evaluations and to undergo counseling (the mother was to undergo crime victims counseling and the father was to undergo domestic violence and anger management counseling). Olmstead testified, however, that both respondents failed to substantially participate in or complete their service plan recommendations. While she acknowledged that respondents did essentially complete one set of parenting classes in December 1996, she nevertheless opined that they did not appear to benefit from those classes. According to Olmstead, the mother was unable to discipline the children during visits— which Olmstead described as "out of hand" and "chaotic"—and the father made argumentative and inappropriate statements about the court proceedings in front of them. Indeed, his visitation was subsequently terminated because of this conduct.

It was also established through Olmstead's testimony that prior to the filing of the permanent neglect petition, respondents did not participate in required counseling and that since its filing each made efforts at attending, but the mother failed to complete same and the father was discharged for failing to participate. In addition, the father's anger management counselor testified at the hearing that, although the father attended sessions following Family Court's adjudication of permanent neglect, he denied that he had an anger problem during the

sessions and was unwilling to change. In fact, he was eventually discharged from this group because he stopped attending. Based upon the evidence adduced at the dispositional hearing—which established that respondents have been uncooperative with petitioner and have not made sufficient progress in overcoming the problems of domestic violence that precipitated the removal of the children in the first instance (*see, Matter of Michael W.,* 266 AD2d 884; *Matter of Victoria B.,* 185 AD2d 811; *Matter of Kandu Anthony Y.,* 166 AD2d 653)—we find no basis to disturb Family Court's determination that termination of respondents' parental rights was in the best interests of their children, particularly in light of their voluntary admissions to material allegations in the petition (*see, Matter of Nicole OO.,* 262 AD2d 808, 810).

We also specifically reject the father's argument that Family Court did not adequately assess the "progress" he had made during the period between the fact-finding and dispositional hearings. According to the father, he came under the care of a psychiatrist who prescribed a regimen of medications that was assisting him with his anxiety problems. To be sure, he did begin seeing a psychiatrist in February 1999—*eight months after* the court adjudicated the children permanently neglected—but his own testimony at the hearing confirmed a continued denial of his problem controlling anger. Under these circumstances, and affording due deference to Family Court's resolution of credibility issues (*see, id.,* at 810), we find that Family Court properly afforded little weight to this recent conduct on the part of the father (*see, Matter of Todd Anthony C.,* 220 AD2d 206; *compare, Matter of Mychael S.,* 203 AD2d 890).

Cardona, P. J., Mercure, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.