■ In the Matter of SARAH TT. et al., Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLENN TT., Appellant. [741 NYS2d 331] —Peters, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered June 8, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of three children, Sarah (born in 1987), Adam (born in 1989) and Hannah (born in 1991). In January 1999, all three children were removed from the custody of respondent and their mother and placed in the custody of petitioner pursuant to Family Court Act § 1024. Petitioner filed a child sexual abuse and neglect petition alleging, inter alia, that respondent had repeatedly forced all three of his children to masturbate him to ejaculation and had directed Adam to perform fellatio on him.

On May 4, 1999, respondent appeared with counsel in Family Court and made admissions to the allegations which resulted in an adjudication of sexual abuse and neglect against him. He further waived his right to a dispositional hearing, stipulated to an additional 12-month period of foster care for the children and agreed to, inter alia, undergo treatment at the Sexual Abuse Project, complete all recommendations for treatment and remain in Broome County for residential purposes. An order of protection was also issued prohibiting any contact between respondent and the children except for supervised visitation under extraordinary circumstances.

Notably, while petitioner was ordered to undertake reasonable and diligent efforts to encourage and strengthen the parental relationship with the mother, it was not ordered to do so, on consent, with respect to respondent.

On June 27, 2000, petitioner filed a permanent neglect petition pursuant to Social Services Law § 384-b. On October 30, 2000, respondent appeared with counsel in Family Court to answer the petition and made sworn admissions to the allegations therein, thus waiving his right to a fact-finding hearing on the issue of permanent neglect. The court also took judicial notice of its May 4, 1999 order which relieved petitioner from engaging in diligent efforts with respect to respondent. The children were adjudicated permanently neglected and all prior orders, including the order of protection, were continued. At the conclusion of the permanent neglect dispositional hearing, at which testimony was received from, inter alia, Marnie Quinn, the foster care caseworker, Carey Warner, the foster mother, and respondent, Family Court terminated respondent's parental rights. Respondent appeals.

We reject respondent's argument that petitioner failed to prove diligent efforts to reunite him with his family. At all stages of this proceeding, respondent agreed that petitioner had no obligation to him to provide such diligent efforts. Accordingly, Family Court correctly recognized that the only issue before it, at the time of the dispositional hearing, was whether the termination of respondent's parental rights was in the best interests of these children (*see, Matter of Rita XX.*, 279 AD2d 901, 902-903; *Matter of James Carton K.*, 235 AD2d 422, 423; *Matter of Noele D.*, 209 AD2d 828, 828-829; *Matter of Patricia O.*, 175 AD2d 870, 871; *Matter of Fay H.*, 103 AD2d 977, 977; *see also,* Family Ct Act § 631).

Although not obligated to demonstrate diligent efforts concerning respondent, petitioner established that respondent failed to substantially complete or participate in the varied therapeutic recommendations it made, including treatment at the Sexual Abuse Project, which were geared to assist him in his reunification with his children. While respondent did testify that he had been seeing a therapist in Pennsylvania where he was residing, despite a court order that he remain in Broome County, there was no supporting documentation or confirmation that either counseling or sexual offender treatment was being adequately pursued. Hence, notwithstanding services and plans for treatment provided to respondent (*see, Matter of Charlene TT.*, 217 AD2d 274, 278), the record amply supports Family Court's determination that, "[a]t a minimum, [respon-

dent failed to] 'take steps to correct the conditions that led to the removal of the child[ren] from [his] home * * *' " (*Matter of Nathaniel T.*, 67 NY2d 838, 840, quoting *Matter of Leon RR.*, 48 NY2d 117, 125).

In support of Family Court's determination that it was in the best interests of these children to have respondent's parental rights terminated, the evidence established that respondent failed to take any meaningful steps towards accepting responsibility for his sexual abuse of these children. When questioned about his previous admissions of sexual abuse, respondent gave vague answers and tried to minimize his abuse by first denying memory of the incidents and then only admitting to them after vigorous cross-examination. Respondent still has not completed the Sexual Abuse Project program and admitted that he has never told his therapist in Pennsylvania that he had sexually abused all three of his children. Upon this testimony, Family Court properly determined that the termination of respondent's parental rights was in the best interests of these children (*see, Matter of Rita XX.*, 279 AD2d 901, *supra*; *Matter of Lisa Z.*, 278 AD2d 674; *Matter of Patrick H.*, 226 AD2d 921; *Matter of Christopher II.*, 222 AD2d 900, *lv denied* 87 NY2d 812).

All remaining contentions of error are unpersuasive.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.