■ In the Matter of KYLE K., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KRISTEN K., Appellant. [787 NYS2d 765]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered September 23, 2002 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged that the child is an abandoned child and terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her child an abandoned child and terminating her parental rights with respect to that child. Respondent contends for the first time on appeal that, based on her statement that she could not afford to visit her child because she "financially . . . wasn't right," Family Court should have refused to accept her admission that she had no contact with her child for more than six months. That contention is unpreserved for our review and, in any event, is lacking in merit. Respondent, who was represented by counsel, admitted that she had voluntarily moved to Philadelphia, leaving her child in the care of her sister. The only contact that respondent had with her one-year-old child during that period, which exceeded six months, consisted of sporadic telephone calls. "[A]n abandonment petition is not defeated by a showing of sporadic and insubstantial contacts where[, as here,] clear and convincing evidence otherwise supports granting the petition" (*Matter of Candice K.*, 245 AD2d 821, 822 [1997]; *see* Social Services Law § 384-b [5] [a]; *Matter of Omar RR.*, 270 AD2d 588, 590 [2000]). Respondent's admission thus supports the court's finding of abandonment (*see Matter of Lawrence Clinton S.*, 186 AD2d 808 [1992]; *Matter of William PP.*, 185 AD2d 397 [1992]). Respondent's unsubstantiated allegation of financial hardship is insufficient to rebut the presumption that respondent was able to communicate with her child during the period at issue (*see* § 384-b [5] [a]; *Matter of Howard R.*, 258 AD2d 893 [1999]) and is insufficient to invalidate her otherwise comprehensive admission.

Finally, the record does not support respondent's contention that the court failed to consider the Law Guardian's recommendation before terminating respondent's parental rights. Rather, the record establishes that the court properly considered the Law Guardian's recommendation for the issuance of a suspended judgment, and "it is well settled that the court may in its discretion reject the Law Guardian's recommendation" (*Matter of Groth v Groth*, 239 AD2d 953, 953 [1997]; *see Matter of Maher v Maher*, 1 AD3d 987 [2003]; *Salerno v Salerno*, 273 AD2d 818, 819-820 [2000]). Here, "the court properly concluded that a suspended judgment would not be in the best interests" of the

child (*Matter of Ada M.R.*, 306 AD2d 920, 921 [2003], *lv denied* 100 NY2d 509 [2003]). Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.