■ In the Matter of AIDAN D., a Child Alleged to be Permanently Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA E., Appellant. HOLLY L., Respondent. [870 NYS2d 609]—

Spain, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered January 3, 2008, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Petitioner removed Aidan D. (born in 2004) from respondent's custody in November 2004, after it was discovered that he was suffering from a "failure to thrive" due to respondent's failure to adequately feed him (*see* Family Ct Act § 1024). After a hearing pursuant to Family Ct Act § 1027, the child was temporarily placed with petitioner and, at that time, petitioner placed the child into the home of a foster mother, where he remains today. In March 2005, the child was found to be a neglected child and was placed in petitioner's custody. Respondent was required to, among other things, cooperate with petitioner in preparing for the child's future, obtain counseling and improve her living situation.

In July 2006, petitioner commenced this proceeding, alleging that the child was permanently neglected. Upon finding that respondent voluntarily, intelligently and knowingly admitted to allegations in the petition, Family Court found the child to be permanently neglected. In a subsequent dispositional hearing, begun in March 2007 and concluded in December 2007, respondent's parental rights were terminated and an order was issued to that effect. Respondent now appeals asserting, among other things, that Family Court erred in accepting her admission to permanently neglecting her child.[*] We affirm.

Social Services Law § 384-b (7) (a) defines a permanently neglected child as "a child who is in the care of an authorized agency and whose parent or custodian has failed for a period of more than one year following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child." Both the agency's efforts and the parent's failures must be demonstrated

[*] By order dated September 18, 2008, this Court granted the motion of Holly L., the child's foster mother, for leave to intervene in this appeal (*see* Social Services Law § 383 [3]).

by clear and convincing evidence (*see Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Anthony S.*, 291 AD2d 747, 748 [2002]). In cases where, as here, a parent admits to permanent neglect, there is no need for the agency to put forth evidence establishing—nor is it necessary for the court to determine—that the agency had exercised diligent efforts to strengthen the parental relationship (*see Matter of Rita XX.*, 279 AD2d 901, 902 [2001]; *see also Matter of Shadazia W.*, 52 AD3d 1330, 1331 [2008], *lv denied* 11 NY3d 706 [2008]; *Matter of Patricia O.*, 175 AD2d 870, 871 [1991]).

Initially, respondent proceeded to the dispositional hearing and never moved to vacate her admission pursuant to CPLR 5015 so as to raise the contentions now advanced on appeal in a timely manner before Family Court (*see Matter of Noele D.*, 209 AD2d 828, 829 [1994]). Moreover, while respondent, during the admissions colloquy, offered partial explanations for some of the allegations in the permanent neglect petition, her unqualified admission to failing to obtain appropriate housing up to the time that the petition was filed, as required, alone constituted sufficient grounds for accepting her admission to permanent neglect (*see Matter of Frederick MM.*, 23 AD3d 951, 953 [2005]). She also admitted to failing to regularly attend her monthly permanency planning meetings. Respondent's knowing, voluntary and intelligent admissions, made in open court with the active assistance of and consultation with counsel, satisfied petitioner's burden of proof (*see Matter of William PP.*, 185 AD2d 397, 398 [1992]; *see also* Family Ct Act § 622; *Matter of Sharena C.*, 186 AD2d 249, 250 [1992]; *Matter of Debra Ann D.*, 133 AD2d 83, 84 [1987]).

We also find that, considering the child's best interests, Family Court's disposition terminating respondent's parental rights was the appropriate disposition and, since it is supported by a sound and substantial basis, we see no grounds upon which to disturb it (*see Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]; *Matter of Deborah F. v Matika G.*, 50 AD3d 1213, 1214 [2008]; *Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]). Despite respondent's recent positive strides, she remained unemployed and had maintained insufficiently stable housing. Respondent's visitation with the child had been sporadic despite petitioner making all arrangements, with no contact in the last four months of 2006 and missing almost half of the visits from December 2006 to March 2007 (the start of the dispositional hearing); she relocated repeatedly without updating her address and missed permanency hearings without good cause. The licensed child psychologist who evaluated all of the parties

involved opined that respondent was incapable of providing parental support and direction to her children, the child was not bonded to her and she was unable to play a consistent role in his life. The psychologist believed that the child appeared bonded with his foster mother, brother and grandmother and that the foster mother can provide a loving, stable and supportive environment for him. The psychologist also opined that the child would be at great risk for psychological and possibly physical harm if returned to or allowed contact with respondent.

Upon review, we find that Family Court's determination, to which we accord deference, is supported by substantial record evidence (*see Matter of Joshua BB.*, 27 AD3d at 869). The record is replete with very strong evidence that the child's best interests will be served by termination of respondent's parental rights with regard to him and we are not persuaded by any of her contentions on appeal that a different result or disposition is warranted.

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.