*582 The mother’s knowing and voluntary admission in open court on March 15, 2011, satisfied the burden of proof necessary for the Family Court’s finding of permanent neglect (see Family Ct Act § 622; Matter of Commissioner of Social Servs. [Steven B.], 232 AD2d 557, 557-558 [1996]; Matter of Lawrence Clinton S., 186 AD2d 808, 809 [1992]; Matter of Sharena C., 186 AD2d 249 [1992]).
Additionally, the Family Court properly found that the best interests of the subject child would be served by terminating the mother’s parental rights and freeing him for adoption. The child, who suffers from severe cognitive limitations, including an inability to communicate, and who requires constant supervision, has bonded with his foster family with whom he had lived for more than four years at the time of the dispositional hearing. In addition, the foster parents were involved in developing the child’s life skills, responding appropriately to his behavior, and in planning for how to help him reach his potential, while the mother exhibited an inability to appreciate the extent of the child’s limitations. The mother also responded inconsistently, at best, to the child’s behavior, and displayed an inability to learn and implement programs necessary to help him reach his potential. In these circumstances, termination of parental rights serves the best interests of the child (see Matter of Deajah Shabri T., 44 AD3d 1060, 1062 [2007]; Matter of Tynell S., 43 AD3d 1171, 1173 [2007]; Matter of Tiffany A., 242 AD2d 709, 711 [1997]). Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.