■ In the Matter of KATIE I. and Others, Children Alleged to be Permanently Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JONATHAN I., Appellant. (And Another Related Proceeding.) [984 NYS2d 465]—

Peters, P.J. Appeals from a decision and an order of the Family Court of Madison County (McDermott, J.), entered February 6, 2013 and March 8, 2013, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

Respondent (hereinafter the father) and Cathy I. (hereinafter the mother) are the parents of Katie I., Skylar I. and Jamie I. (born in 2004, 2006 and 2008, respectively). The children were removed from the parents' custody in June 2010 as a result of physical abuse perpetrated on Skylar by the mother and the father's failure to seek medical attention for the child's injuries. In December 2010, the mother and the father were adjudicated to have neglected Skylar and to have derivatively neglected the two other children, and were ordered to participate in various services. Approximately 18 months later, petitioner commenced a proceeding against each parent seeking to terminate their parental rights on the ground of permanent neglect. Following testimony from petitioner's caseworker at the ensuing fact-finding hearing, the mother and the father made admissions to substantial portions of the allegations in the petitions and Family Court found the children to be permanently neglected. A dispositional hearing was held approximately six months later, at the conclusion of which Family Court terminated their parental rights and freed the children for adoption. Only the father appeals.*

The father first argues that petitioner failed to establish by clear and convincing evidence that he permanently neglected the children. However, his knowing, voluntary and intelligent admissions—made in open court and with the assistance of counsel—satisfied petitioner's burden and dispensed with the need for petitioner to put forth any further evidence on that issue (see Matter of Abbigail EE. [Elizabeth EE.], 106 AD3d 1205, 1206-1207 [2013]; Matter of Aidan D., 58 AD3d 906, 908 [2009]; Matter of Rita XX., 279 AD2d 901, 902 [2001]; Matter of William PP., 185 AD2d 397, 398 [1992]).

As for Family Court's disposition, we are unpersuaded that it should have granted a suspended judgment in lieu of terminating the father's parental rights (see Family Ct Act § 631). "The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her child[ren] with a brief grace period within which to become a fit parent with whom the child[ren] can be safely reunited" (Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 683-684 [2010] [internal quotation marks and citations omitted]; see Matter of Madalynn I. [Katelynn J.], 111 AD3d 1205, 1206 [2013]; Matter of Elias QQ. [Stephanie QQ.], 72 AD3d 1165, 1166 [2010]). The sole cri-

---

* As Family Court's decisions are not appealable papers (see CPLR 5512 [a]), the father's appeal from the February 6, 2013 decision underlying the dispositional order must be dismissed (see Matter of Darrow v Darrow, 106 AD3d 1388, 1390 n 5 [2013]).

terion for the granting of a suspended judgment is the best interests of the children and there is no presumption that any particular disposition, including a return of the children to a parent, will promote such interests (*see Matter of Johanna M. [John L.]*, 103 AD3d 949, 951 [2013], *lv denied* 21 NY3d 855 [2013]; *Matter of Kellcie NN. [Sarah NN.]*, 85 AD3d 1251, 1252 [2011]; *Matter of Carlos R.*, 63 AD3d 1243, 1246 [2009], *lv denied* 13 NY3d 704 [2009]).

In postponing the dispositional hearing for nearly six months, Family Court made it abundantly clear to the mother and the father that, during that time period, it was their responsibility to make "one last ditch opportunity" to prove that they could safely parent the children before their parental rights were terminated. Nevertheless, the father consistently refused to engage in recommended parenting classes and court-ordered mental health treatment, despite referrals by petitioner's caseworkers. Furthermore, although repeatedly encouraged to do so, he failed to maintain any contact with the children outside of the one-hour weekly supervised visits and made no effort to communicate with the children's foster parents or service providers so as to stay informed as to their day-to-day lives. Testimony established that each of the three children had been diagnosed with various psychological disorders, yet the parents failed to make any inquiry as to their mental health needs and progress, nor did they seek any further information after being informed that Skylar was hospitalized for a time and diagnosed with a seizure disorder. Concerns were also expressed that the father was not engaged with the children during visits and acted inappropriately in their presence, on one occasion necessitating his removal from a visit. Due to the father's lack of involvement, the children's relationship with him was observed to be distant, confused and disengaged. The children's counselors expressed strong views that the current status quo was not in the children's best interests and that, in fact, the visits were having negative effects on the children. Moreover, the father's failure to testify permitted Family Court to draw the strongest inference against him that the opposing evidence would allow (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]; *Matter of Arianna BB. [Tracy DD.]*, 110 AD3d 1194, 1197 [2013], *lvs denied* 22 NY3d 858 [2014]; *Matter of Shawna U.*, 277 AD2d 731, 733 [2000]).

Significantly, all three children are together in the same preadoptive foster home where they have resided since early 2012. They have formed a strong bond with and are thriving in the care of their foster parents, who wish to adopt them and are

able to provide them with a loving and safe home. Considering all of the circumstances and according deference to Family Court's choice among dispositional alternatives, we find no basis upon which to disturb its determination that termination of the father's parental rights was in the children's best interests (*see Matter of Kayden E. [Luis E.]*, 111 AD3d 1094, 1098 [2013], *lv denied* 22 NY3d 862 [2014]; *Matter of Syles DD. [Felicia DD.]*, 91 AD3d 1054, 1057 [2012], *lv denied* 18 NY3d 810 [2012]; *Matter of Kellcie NN. [Sarah NN.]*, 85 AD3d at 1252).

Lahtinen, Rose and Egan Jr., JJ., concur. Ordered that the appeal from the decision entered February 6, 2013 is dismissed, without costs. Ordered that the order is affirmed, without costs.