■ In the Matter of PATRICIA O. et al. COMMISSIONER OF THE ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA K., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of Patricia K., the appeal is from an order of the Family Court, Orange County (Slobod, J.), entered September 10, 1990, which, after a hearing, *inter alia,* terminated her parental rights.

Ordered that the order is affirmed, without costs or disbursements.

On July 26, 1989, the mother, whose inability to care for her children stemmed from chronic alcoholism, admitted to permanent neglect of her two children who, except for one brief period in 1986, had been in foster care since 1984. Pursuant to a settlement worked out between the mother and the Orange County Department of Social Services, the Family Court suspended entry of an order terminating the mother's parental rights conditioned, *inter alia,* upon the mother remaining drug and alcohol-free, submitting to urinalysis testing when asked, attending at least 90% of scheduled alcohol therapy sessions, and undergoing any treatments suggested by the therapist. The Family Court clearly indicated to the mother that if she did not follow the conditions set forth, her parental rights would be automatically terminated.

By order to show cause dated February 27, 1990, the Orange County Department of Social Services moved to lift suspension of the entry of an order terminating the mother's parental rights, alleging that she had violated the conditions imposed. The court subsequently conducted a hearing at which the evidence showed that the mother had failed to abide by any of the above conditions without sufficient excuse. By order entered September 10, 1990, the court found that the mother had violated the conditions and permanently terminated her parental rights.

Contrary to the mother's contentions on appeal, we find that it was unnecessary, under the circumstances of this case,

to conduct a further dispositional hearing. A few months earlier, the court had already considered the best interests of the children when it suspended entry of an order and indicated to the mother that if she failed to comply with certain conditions her parental rights would be terminated (see, Family Ct Act §§ 623, 631; 22 NYCRR 205.50 [d] [4]). We further find that it was unnecessary in this case for the court to determine whether the agency had exercised diligent efforts to strengthen the parental relationship. While ordinarily such a determination is necessary prior to a finding of permanent neglect (see, Social Services Law § 384-b; *Matter of Sheila G.,* 61 NY2d 368), in this case, the mother admitted to permanent neglect.

We disagree with the mother's contention that the Family Court improperly denied her motion for an adjournment of a portion of the hearing since the record fails to demonstrate any "good cause shown" for an adjournment (see, Family Ct Act § 626). Upon a review of the record, we find the mother's remaining contentions lack merit. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.