■ In the Matter of Francis C. Prete, Appellant, v Deborah B. Prete, Respondent. [598 NYS2d 79] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Barone, J.), entered December 3, 1990, as, after a hearing, declined to award him sole custody of the parties' child and directed that the physical residence of the child was to remain with the mother.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The parties were married in January 1976 and divorced pursuant to a judgment dated November 14, 1984. They have one son, Michael, who was born November 24, 1981. The parties' separation agreement, which survived but did not merge with the judgment of divorce, provided that the mother have sole custody of Michael with liberal visitation to the father. In May 1985 the father remarried. In September 1989 the father petitioned the court for a change of custody. After a lengthy hearing, the Family Court found that it would be in Michael's best interest for him to remain with the mother.

The father appeals, contending he is entitled to sole custody. We disagree.

The primary concern in a determination of custody is, of course, the best interests of the child *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167). When the parties have entered into an agreement as to which parent should have custody, priority should be given to the custody arrangement reached by voluntary agreement *(see, Eschbach v Eschbach, supra; Robert C. R. v Victoria R.,* 143 AD2d 262, 264). In determining whether a stipulation entered into by the parents with respect to custody should be modified, a court must consider "the quality of the home environment and the parental guidance the custodial parent provides for the child * * * the ability of each parent to provide for the child's emotional and intellectual development * * * the financial status and ability of each parent to provide for the child * * * the relative fitness of the respective parents, as well as the length of time the present custody has continued" *(Keating v Keating,* 147 AD2d 675, 677; *see also, Matter of Sullivan v Sullivan,* 190 AD2d 852).

Further, in evaluating custody matters, "respect is to be accorded the Trial Judge's advantage, not available to appellate Judges, in being able to observe the demeanor of the witnesses * * * as well as the desire of the child whose custody is in issue * * * but neither is determinative" *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947). "An appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record" *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

The trial court did not err in directing that the child continue to reside with the mother. The child has friends in his neighborhood and is doing well at the school he has been attending. Thus, a move to the father's home could be unnecessarily disruptive. Moreover, it would be in the best interests of the child to continue to reside with the mother, who has had sole custody of him since his birth. Although the majority of the experts recommended that the father have custody of the child, this is but one factor, and is not determinative *(see, Matter of Pasco v Nolen,* 154 AD2d 774, 776).

The father's remaining contentions are without merit. The mother's challenges to the order appealed from are not properly before us, since she failed to cross-appeal from the order. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.