■ In the Matter of NOELE D., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID D., Appellant. [619 NYS2d 188] — Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered August 11, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child as permanently neglected, and terminated respondent's parental rights.

On January 1, 1991, petitioner was granted custody of respondent's daughter, Noele D., who was only a few days old. Noele—whose mother was apparently mentally ill and has voluntarily surrendered her parental rights—was found to have been neglected and was placed in foster care, where she remains. By the instant proceeding, petitioner seeks to terminate respondent's parental rights on the ground of permanent neglect, and in so doing to free Noele for adoption by her foster parents.

Respondent, who has a history of alcoholism and related problems, initially answered the petition with a general denial. At the fact-finding hearing, however, he indicated, through counsel, that he would withdraw his answer and consent to a finding of permanent neglect, on condition that the dispositional hearing would be adjourned for at least 90 days. The adjournment was sought to enable respondent to complete an inpatient alcohol abuse program. This proposal was accepted by Family Court, a finding of permanent neglect was entered and the matter was adjourned.

After the dispositional hearing, which was held 100 days later, Family Court found that it would be in Noele's best interest to terminate respondent's parental rights, and entered an order to this effect. Respondent appeals.

Respondent's protestations notwithstanding, it was not improper for Family Court to make a finding of neglect without first hearing and evaluating petitioner's proof, for respondent waived his right to put petitioner to its proof when he withdrew his answer and consented to an adjudication of permanent neglect *(cf., Matter of Patricia O.,* 175 AD2d 870, 871). This finding, made in respondent's presence, and with his express concurrence, bears none of the hallmarks of a default judgment *(cf., Matter of Robert F.,* 200 AD2d 899; *Matter of Cecelia A.,* 199 AD2d 582, 583); moreover, even if it did, respondent, having never moved to have the order vacated pursuant to CPLR 5015, would not be entitled to the relief he seeks *(see, Matter of Geraldine Rose W.,* 196 AD2d 313, 317).

Nor are we persuaded by respondent's contention that Family Court erred in refusing to grant a further adjournment of the dispositional hearing so that he might have additional time to obtain treatment for his alcohol problem. In view of the fact that respondent initially had been granted the 90-day adjournment for the avowed purpose of enrolling in a rehabilitative program during that time, his uncorroborated assertion that he had been told by the same Judge, in the context of a parallel County Court criminal proceeding, to delay seeking treatment was simply incredible. And given his repeated incarceration for alcohol-related offenses and continued failure to pursue those rehabilitative services available to him, Family Court quite properly found that respondent had failed to demonstrate "good cause" for a further adjournment of the dispositional hearing *(see,* Family Ct Act § 626; *Matter of Patricia O., supra,* at 871).

Meritless also is respondent's claim that Family Court erroneously employed the "best interest of the child" test to terminate respondent's parental rights *(see, Matter of Star Leslie W.,* 63 NY2d 136, 147-148; *Matter of Jose C.,* 166 AD2d 239).

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.