■ In the Matter of JOY H. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE H., Appellant. [631 NYS2d 200] —White, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered June 9, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b to, *inter alia*, adjudicate respondent's children to be permanently neglected, and terminated her parental rights.

Since October 21, 1990, respondent's two children, then ages 27 months and 2¹/₂ months, have been in petitioner's custody. On January 6, 1994, respondent admitted many of the allegations set forth in the permanent neglect petition dated March 31, 1993, and stipulated to the entry of an order adjudicating the children permanently neglected. After a dispositional hearing, Family Court concluded that the best interests of the children required that they be freed for adoption and terminated respondent's parental rights. Respondent appeals contending that petitioner had failed to make a diligent effort to assist, develop and encourage the parental relationship.

It was not improper for Family Court, within its fact-finding order, to rely upon respondent's admissions and stipulations which specifically included that petitioner had made diligent efforts to assist, develop and encourage the parental relationship and itemized those efforts (*see, Matter of Noele D.*, 209 AD2d 828, 829; *Matter of Patricia O.*, 175 AD2d 870, 871; *see also, Matter of Geraldine Rose W.*, 196 AD2d 313, 317). Contrary to respondent's contention, the hearing held on March 30, 1994 was the beginning of the dispositional hearing and was not the fact-finding hearing.

Our review of the record discloses that respondent failed to complete her alcohol rehabilitation programs, failed to attend counseling sessions ordered by Family Court, missed half of her scheduled visitations with her children and failed to make plans for the return of the children, despite the diligent efforts of petitioner up to the dispositional determination. We find no basis to disturb the court's determination to terminate respondent's parental rights. Respondent has been unable or unwilling to take steps to correct the conditions which led to

the removal of the children and to provide them with an adequate stable home (*see, Matter of Nathaniel T.*, 67 NY2d 838).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.