■ In the Matter of LORD-EL T. and Others, Children Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM T., Appellant. (And Another Related Proceeding.) [689 NYS2d 272] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Albany County (Tobin, J.), entered June 19, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to find respondent in violation of a suspended judgment, and (2) from an order of said court, entered November 25, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to terminate respondent's parental rights.

In June 1996, respondent admitted to permanently neglecting his seven children and Family Court entered a six-month suspended judgment by the terms of which respondent was required to, *inter alia*, successfully complete a substance abuse treatment program and cooperate in specifically defined ways with his caseworkers. After a full hearing on a petition charging respondent with violating various conditions of the judgment, Family Court revoked it and, following a dispositional hearing, terminated respondent's parental rights. Respondent appeals.

We affirm. Where, as here, it is established by a preponderance of the evidence that compliance has not been had with the suspended judgment, respondent's parental rights may be terminated (*see, Matter of Jennifer VV.*, 241 AD2d 622, 623;

*Matter of Desiree W.*, 232 AD2d 227, 228; *Matter of Grace Q.*, 200 AD2d 894, 895).

The record evidence discloses that respondent was discharged from an alcohol and substance abuse program before successfully completing it and that his early discharge was prompted by his failure to adhere to the program's rules in that he did not attend therapy sessions regularly, missed classes required for completion of his GED high school diploma and refused to perform assigned chores. Respondent's contention that the program did not adequately meet his needs—he maintains he should have been, but was not, offered classes in anger management and parenting skills—is meritless. These counseling services were to be furnished upon respondent's successful completion of his substance abuse treatment; that treatment was not intended as a panacea. Had he progressed by completing the program, additional services needed would have been made available.

Respondent was also constrained to cooperate with petitioner, as well as permit his caseworker to monitor his status. That he neglected to do so cannot seriously be disputed, for in addition to not completing his substance abuse treatment, he failed to undergo regular urine and breathalyzer tests and refused to inform petitioner of his address, his telephone number or where he was working.

Equally unconvincing is respondent's assertion that the termination of his parental rights was not in the best interests of the children, who for the three years prior to the hearing were placed in foster care. Respondent has not yet confronted his root problem of substance abuse and, as a consequence, has not received anger management counseling and parenting skills classes as directed by Family Court. As these are the concerns that led to the children's removal and prevented respondent from being reunited with them, Family Court quite rightly terminated his parental rights (*see, Matter of Torrin G.*, 240 AD2d 820, 821; *Matter of Semonae YY.*, 239 AD2d 716, 717). Respondent's limited history of improvement (at the time of the hearing he was enrolled in and near completion of another substance abuse program) does not convince us that a different disposition would be more appropriate.

Cardona, P. J., Mikoll, Spain and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.