In the Matter of WENDY F., Appellant, v ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [708 NYS2d 793] —Amended order unanimously affirmed without costs. Memorandum: In 1995 petitioner's son was placed in respondent's custody and was subsequently adjudicated a neglected child. His placement in foster care was extended periodically, and in April 1998 respondent filed a petition alleging that petitioner had permanently neglected her son. Petitioner admitted the allegations in that petition and consented to entry of an order suspending judgment for six months and requiring her to comply with eight conditions. Family Court ordered that the suspended judgment would automatically expire in six months unless petitioner filed a petition alleging that she had complied with the eight conditions. Petitioner was informed that it was her burden to prove compliance and she acknowledged that, should she fail to establish such compliance, her parental rights would be terminated.

The court properly placed the burden of proof on petitioner to prove that she had complied with the conditions in the suspended judgment (see, Matter of Willie W., 206 AD2d 868, lv

*denied* 84 NY2d 809). Petitioner failed to meet her burden of establishing by a fair preponderance of the evidence that she complied with each of those conditions (*see, Matter of Gerald M.*, 112 AD2d 6). The evidence adduced at the hearing establishes that petitioner failed to make progress in the required service programs under conditions 4 and 5 and that she denied any need for parenting education. Thus, she failed to prove her compliance with conditions 4 and 5 of the suspended judgment.

We reject the contention of petitioner that the court erred in failing to address the best interests of her son. Petitioner had previously conceded that, if she did not comply with the suspended judgment, it would be in her son's best interests to terminate her parental rights. Thus, the court did not err in failing to conduct a further dispositional hearing on the best interests of the child (*see, Matter of Grace Q.*, 200 AD2d 894, 896; *Matter of Patricia O.*, 175 AD2d 870, 870-871). (Appeal from Amended Order of Onondaga County Family Court, Rossi, J.—Terminate Parental Rights.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.