■ In the Matter of ATIBA ANDREW B. and Others, Children Alleged to be Neglected. KIM B., Appellant; LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., Respondent. [712 NYS2d 560] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from a dispositional order of the Family Court, Kings County (Elkins, J.), entered September 17, 1998, which, upon a determination based on her admission that she had permanently neglected the subject children, and after a dispositional hearing, terminated her parental rights and committed custody and guardianship of the children to the petitioner, Lutheran Social Services of Metropolitan New York, Inc., for the purpose of adoption.

Ordered that the order is affirmed, with costs.

The mother has a long history of drug use, and also suffered from clinical depression. Her three children lived most of their lives in a foster home. The foster family is stable and supportive, and the children have strong emotional ties to their foster parents. The oldest of the three children, Atiba Andrew, also has strong ties to his two foster brothers. The foster parents wished to adopt all three children. The mother entered a residential drug treatment program in March 1997, but by

the time of her testimony in this proceeding in February 1998, she had suffered two relapses and had once attempted suicide.

The mother admitted in open court to the permanent neglect of her children. At the time of the allocution, counsel for the agency stated on the record that no promises had been made to the mother with respect to disposition. The evidence received at the dispositional hearing demonstrated that the mother had made some progress during her treatment. While her visits with the children had been sporadic, they became more regular. In addition, all of the witnesses acknowledged that the children knew that the respondent was their mother, and that they displayed love and affection for her during the visits. Nevertheless, consistent with the recommendation of the expert psychologist, the court terminated the mother's parental rights, finding that she continued to be at risk of future relapses into drug use, and that she was only beginning to be able to meet her own needs in a "minimal way".

The mother contends that the Family Court's allocution of her admission to permanent neglect was flawed. As noted by the respondent and the Law Guardian, this challenge was not raised in the Family Court and therefore is unpreserved for appellate review (see, Matter of Collette M., 227 AD2d 478; Matter of Kim Shantae M., 221 AD2d 199). In any event, the claim is without merit. Citing Family Court Act § 1051 (f), the mother submits that the court erred in failing to "inform the respondent that such an admission * * * will result in the court making a fact-finding order of neglect or abuse * * * [and] of the potential consequences of such order", including the court's power to terminate her parental rights. She cites no authority for applying the requirements of Family Court Act § 1051 (f) to this proceeding, which is governed by article 6 of the Family Court Act, and we note that similar arguments have been rejected by the Court of Appeals (see, Matter of Tabitha LL., 87 NY2d 1009, 1010-1011), and by the Appellate Division (see, Matter of Jennifer DD., 227 AD2d 675).

We reject the mother's claim that the court should have adjourned the proceedings to allow her to call an expert who had observed her interacting with the children. All of the witnesses who testified acknowledged that the children had great affection for the mother. The court's termination of parental rights and commitment of custody to the petitioner was based upon its conclusion that the mother continued to be at risk of relapsing into drug use. Accordingly, any expert testimony as to her relationship with the children would have been irrelevant and/or cumulative, and it was not an abuse of discretion

for the court to deny the adjournment request (*see, Matter of Jorge S.*, 211 AD2d 513).

The Family Court providently exercised its discretion in refusing to suspend judgment (*see,* Family Ct Act § 631; *Matter of Lameek L.*, 226 AD2d 464). Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.