◼ In the Matter of SHAVIRA P., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUNICE M., Appellant. (Appeal No. 1.) [723 NYS2d 919] —Order unanimously affirmed without costs. Memorandum: In each appeal, respondent appeals from an order that, following a hearing, revoked an order suspending judgment based upon her failure to comply with the conditions of each order suspending judgment, terminated her parental rights and transferred the guardianship and custody of her children to petitioner. Family Court properly denied the request of respondent's counsel for an adjournment based upon respondent's absence and proceeded with the hearing on the final scheduled hearing date (*see, Mat-*

ter of Jennifer DD., 227 AD2d 675, 676; *see also, Matter of Shemeco D.,* 265 AD2d 860). The court also properly refused to adjourn the hearing based upon the failure of respondent's final witness to appear. The unexplained absence of the witness did not constitute good cause for an adjournment (*see,* Family Ct Act § 626 [a]; *Matter of Noele D.,* 209 AD2d 828, 829). Finally, we reject the contention of respondent that the court erred in terminating her parental rights without conducting a further hearing on the best interests of the children. The court "had already considered their best interests when it suspended judgment and indicated to respondent that if [s]he failed to comply with the conditions [her] parental rights could be terminated" (*Matter of Grace Q.,* 200 AD2d 894, 896; *see, Matter of Patricia O.,* 175 AD2d 870, 870-871). Thus, there was no need to conduct a further dispositional hearing (*see, Matter of Brendan A.,* 278 AD2d 784; *Matter of Wendy F. v Onondaga County Dept. of Social Servs.,* 273 AD2d 927, 928). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.