ter of *Jennifer DD.*, 227 AD2d 675, 676; *see also, Matter of Shemeco D.*, 265 AD2d 860). The court also properly refused to adjourn the hearing based upon the failure of respondent's final witness to appear. The unexplained absence of the witness did not constitute good cause for an adjournment (*see,* Family Ct Act § 626 [a]; *Matter of Noele D.*, 209 AD2d 828, 829). Finally, we reject the contention of respondent that the court erred in terminating her parental rights without conducting a further hearing on the best interests of the children. The court "had already considered their best interests when it suspended judgment and indicated to respondent that if [s]he failed to comply with the conditions [her] parental rights could be terminated" (*Matter of Grace Q.*, 200 AD2d 894, 896; *see, Matter of Patricia O.*, 175 AD2d 870, 870-871). Thus, there was no need to conduct a further dispositional hearing (*see, Matter of Brendan A.*, 278 AD2d 784; *Matter of Wendy F. v Onondaga County Dept. of Social Servs.*, 273 AD2d 927, 928). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.

 In the Matter of DAEVON M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUNICE M., Appellant. (Appeal No. 2.) [723 NYS2d 919] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Shavira P.* (283 AD2d 1027 [decided herewith]). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.

 JOHN MINGLE et al., Respondents, v BARONE DEVELOPMENT CORPORATION, Appellant. (Appeal No. 1.) [723 NYS2d 922] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Niagara County, Fricano, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.

 JOHN MINGLE et al., Respondents-Appellants, v BARONE DEVELOPMENT CORPORATION, Appellant-Respondent. (Appeal No. 2.) [723 NYS2d 803] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Although Supreme Court properly denied plaintiffs' cross motion seeking partial summary judgment on liability on the Labor Law § 241 (6) claim, it erred in denying defendant's motion seeking summary judgment dismissing that claim. John Mingle (plaintiff) was a