In the Matter of FARD SALEEM G., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REBECCA D.-G., Appellant. [747 NYS2d 107]

In an order dated November 30, 1999, the Family Court determined, inter alia, upon the appellant mother's consent, that the child was permanently neglected by his mother and father. The court suspended the order until April 22, 2000, on condition, inter alia, that the father obtain housing, visit the child regularly, and attend therapy sessions. The mother, who was incarcerated, agreed that the father was the only resource for the child and that if he failed to comply her parental rights would be terminated. The father died in May 2000.

By amended order to show cause dated May 9, 2000, the Westchester County Department of Social Services moved, in

effect, to lift suspension of the entry of the order terminating the mother's parental rights, alleging that she had violated the conditions imposed. The Family Court subsequently conducted a hearing at which the evidence showed that the father had failed to abide by any of the above conditions prior to his death. By order entered August 23, 2000, the court found that the mother had violated the conditions and permanently terminated her parental rights. The court ordered that the guardianship and custody of the child be transferred to the Westchester County Department of Social Services. We affirm.

The admissions made by the mother in the initial neglect proceeding were sufficient to support the Family Court's findings of permanent neglect (*see* Family Ct Act § 622; *see also Matter of James Carton K.,* 235 AD2d 422; *Matter of Noele D.,* 209 AD2d 828). Further, the evidence presented at the hearing supported the court's findings, inter alia, that the mother had failed to satisfy the conditions of the suspended 1999 order of fact-finding and disposition and that the termination of her parental rights was in the best interests of the child (*see Matter of Patricia O.,* 175 AD2d 870; Family Ct Act § 633).

It was unnecessary for the Family Court to determine whether the agency had exercised diligent efforts to strengthen the parental relationship (*see* Social Services Law § 384-b; *Matter of Sheila G.,* 61 NY2d 368), as the mother admitted to permanent neglect (*see Matter of James Carton K., supra; Matter of Patricia O., supra*).

The mother's remaining contentions are without merit. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.