■ In the Matter of ARNOLD M., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELINA P., Appellant. (Proceeding No. 1.) In the Matter of JENNAMARIE M., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF

SOCIAL SERVICES, Respondent; ANGELINA P., Appellant. (Proceeding No. 2.) In the Matter of KRISTEN M., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELINA P., Appellant. (Proceeding No. 3.) In the Matter of NICKOLA M., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELINA P., Appellant. (Proceeding No. 4.) In the Matter of VANESSA M., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELINA P., Appellant. (Proceeding No. 5.) [785 NYS2d 504]—

In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Orange County (Klein, J.), entered June 18, 2003, which, after fact-finding and dispositional hearings, and upon a fact-finding order of the same court entered June 5, 2003, finding that she permanently neglected the subject children, terminated her parental rights and transferred custody and guardianship of the subject children to the petitioner, Orange County Department of Social Services, for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court's finding that termination of the mother's parental rights was in the best interests of the children is supported by a preponderance of the evidence (*see Matter of Olivia Susan C.*, 2 AD3d 441 [2003]; *Matter of Baby Girl C.*, 1 AD3d 593, 594 [2003]; *Matter of Avery Curtis Foster Joe D.*, 306 AD2d 276, 278 [2003]; *Matter of Tenisha Tishonda T.*, 302 AD2d 534, 535 [2003]; *cf. Matter of Tiffany A.*, 242 AD2d 709, 712-713 [1997]). Contrary to the mother's contention, the Family Court providently exercised its discretion in declining to suspend judgment (*see Matter of Avery Curtis Foster Joe D., supra; Matter of Atiba Andrew B.*, 275 AD2d 320, 322 [2000]; *Matter of Lameek L.*, 226 AD2d 464, 465 [1996]).

The petitioner, Orange County Department of Social Services, established, by a preponderance of the evidence (*see Matter of Olivia Susan C., supra; Matter of Baby Girl C., supra* at 594),

that the mother, by failing to comply with court-ordered drug, alcohol, and mental health counseling, failed to "take such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren] within a period of time which is reasonable under the financial circumstances available" to her (Social Services Law § 384-b [7] [c]; *see Matter of Nathaniel T.,* 67 NY2d 838, 840 [1986]). The order of disposition was thus properly based on the best interests of the children (*see Matter of Star Leslie W.,* 63 NY2d 136, 147 [1984]; *Matter of Nereida S.,* 57 NY2d 636, 640 [1982]; *Matter of Avery Curtis Foster Joe D., supra; Matter of Tenisha Tishonda T., supra* at 535; *Matter of Tiffany A., supra* at 712-713).

The recommendation of the children's Law Guardian that the judgment of neglect be suspended is not determinative (*see Matter of Ray A.M.,* 37 NY2d 619, 624 [1975]; *Matter of Picot v Barrett,* 8 AD3d 288 [2004]; *Young v Young,* 212 AD2d 114, 118 [1995]; *Matter of Prete v Prete,* 193 AD2d 804, 805 [1993]). In the absence of proof that the Family Court did not give due consideration to the recommendation, an appellate court must give deference to the Family Court's evaluation of the Law Guardian's position (*see Matter of Suffolk County Dept. of Social Servs. (Aaron S.),* 215 AD2d 395, 396 [1995]; *Matter of Prete v Prete, supra*).

The Law Guardian's contention regarding the admission into evidence of the case notes of a former case worker is not properly before this Court. Prudenti, P.J., Ritter, H. Miller and Spolzino, JJ., concur.