■ In the Matter of AARON S. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HECTOR V., Appellant. [790 NYS2d 208]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of disposition of the Family Court, Orange County (Kiedaisch, J.), entered November 14, 2003, which, after a hearing, and upon a finding that he was in violation of the terms and conditions of a suspended judgment of the same court entered January 28, 2003, terminated his parental rights and transferred custody and guardianship of the subject child to the petitioner for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court may revoke a suspended judgment if it finds that a preponderance of the evidence adduced at a violation hearing establishes that the parent failed to comply with one or more of the conditions of the suspended judgment (*see Matter of Judith D.,* 307 AD2d 311 [2003]; *Matter of Francisco Anthony C.F.,* 305 AD2d 410 [2003]; *Matter of Ishia Marie W.,* 292 AD2d 535 [2002]). Contrary to the father's contention, the evidence presented at the violation hearing supported the Family Court's determination that the father failed to satisfy certain conditions of the suspended judgment. Furthermore, the evidence also supports the Family Court's finding that termination of the father's parental rights was in the best interest of the child (*see* Social Services Law § 384-b [1] [b]; *Matter of Star Leslie W.,* 63 NY2d 136, 147 [1984]; *Matter of Ulawrence J.,* 10 AD3d 658 [2004]).

We also reject the father's contention that the Family Court erred in finding that he permanently neglected the child because the agency did not prove that it made diligent efforts to strengthen the parental relationship. The agency was not required to present such evidence because the father admitted, inter alia, that he permanently neglected the child by failing to plan for the child's return, and that caseworkers exercised due diligence in working with him (*see Matter of Fard Saleem G.,* 297 AD2d 677 [2002]; *Matter of Rita XX.,* 279 AD2d 901 [2001]; *Matter of James Carton K.,* 235 AD2d 422 [1997]; *Matter of Patricia O.,* 175 AD2d 870 [1991]). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.