■ In the Matter of "BABY GIRL" W., Also Known as JACLYN W. JEWISH CHILD CARE ASSOCIATION, Respondent; JACK W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of "BABY GIRL" W., Also Known as TEYANA W. JEWISH CHILD CARE ASSOCIATION, Respondent; JACK W., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of "BABY BOY" W., Also Known as KAREEM W. JEWISH CHILD CARE ASSOCIATION, Respondent; JACK W., Appellant, et al., Respondent. (Proceeding No. 3.) [823 NYS2d 678]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of three orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Elkins, J.), all entered August 25, 2005, as, after a hearing, and upon a finding that he was in violation of the terms and conditions of a suspended judgment of the same court dated April 29, 2004, terminated his parental rights and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The petitioner sustained its burden of proving by a preponderance of the evidence that the father failed to satisfy some of the terms and conditions of the suspended judgment, warranting its revocation (*see Matter of Aaron S.*, 15 AD3d 585, 586 [2005]; *Matter of Jordan Amir B.*, 15 AD3d 477, 478-479 [2005]). The evidence supports the further determination of the Family Court that termination of the father's parental rights was in the children's best interests (*see Matter of Aaron S., supra; Matter of Arnold M.*, 12 AD3d 677, 678-679 [2004]; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]).

The father's remaining contentions are without merit. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.