■ In the Matter of AYAME O.-M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LENEAKA O., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of AYRIA O.-M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LENEAKA O., Appellant, et al., Respondent. (Proceeding No. 2.) [881 NYS2d 169]—

In two related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals

from an order of disposition of the Family Court, Orange County (Bivona, J.), entered May 16, 2008, which, after a hearing, revoked a suspended judgment of the same court entered October 13, 2005, as extended by orders of the same court entered September 18, 2006, and May 30, 2007, upon a determination that she violated the terms and conditions thereof, terminated her parental rights, and transferred the custody and guardianship of the subject children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A suspended judgment is a dispositional alternative upon a finding of permanent neglect (*see* Family Ct Act §§ 631, 633; *Matter of Ernesto Thomas A.*, 5 AD3d 380, 381 [2004]). It affords "a brief grace period designed to prepare the parent to be reunited with the child" and provides the parent "a second chance, where the court determines it is in the child's best interests" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]). The parent's opportunity to comply with the terms and conditions of the suspended judgment is strictly limited to a one-year period, with a second year only in the case of "exceptional circumstances" (Family Ct Act § 633 [b]; *see Matter of Michael B.*, 80 NY2d at 311). The Family Court may revoke a suspended judgment if it finds, by a preponderance of the evidence adduced at a violation hearing, that the parent failed to comply with one or more of the conditions of the suspended judgment (*see Matter of Darren V.*, 61 AD3d 986 [2009]; *Matter of Michael Phillip T.*, 44 AD3d 1062 [2007]; *Matter of Ricky Joseph V.*, 24 AD3d 683, 684 [2005]; *Matter of Aaron S.*, 15 AD3d 585, 586 [2005]). A parent's attempt to comply with the literal provisions of the suspended judgment is not sufficient to avoid revocation (*see Matter of Darren V.*, 61 AD3d 986 [2009]).

Here, the Family Court, by its order entered October 13, 2005, determined that the subject children were permanently neglected, and suspended judgment for a period of one year, directing the mother to comply with terms and conditions, including her successful completion of mental health therapy with an attendance rate of 90% of all therapy sessions. Thereafter, by orders entered September 18, 2006, and May 30, 2007, the Family Court found that the mother had failed to comply with this condition and, each time, extended the suspended judgment for another year. This last extension granted the mother more than she was entitled to pursuant to Family Court Act § 633 (b). In any event, the Family Court properly determined, by a preponderance of the evidence, that the mother had failed to satisfy

this condition during the final extension period, based upon the testimony of the mother's therapist that the mother had attended only 55% to 60% of her therapy sessions and had not successfully completed her therapy. Thus, the suspended judgment was properly revoked and the mother's parental rights were properly terminated (*see Matter of Darren V.*, 61 AD3d 986 [2009]; *Matter of Michael Phillip T.*, 44 AD3d at 1062-1063; *Matter of Aaron S.*, 15 AD3d at 586).

Contrary to the mother's contention, the petitioner was not required to prove that it had exercised diligent efforts to strengthen the parental relationship, as the mother had previously admitted that she permanently neglected the subject children (*see Matter of Fard Saleem G.*, 297 AD2d 677, 678 [2002]; *see also Matter of Carolyn F.*, 55 AD3d 832, 832-833 [2008]; *Matter of Aaron S.*, 15 AD3d at 586).

Moreover, the record supports the Family Court's determination that termination of the mother's parental rights was in the best interests of the children (*see Matter of Darren V.*, 61 AD3d 986 [2009]; *Matter of Aaron S.*, 15 AD3d at 586; *Matter of Fard Saleem G.*, 297 AD2d at 678). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.