# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

258
CAF 10-01707
PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

IN THE MATTER OF JHANELLE B.
-------------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                          MEMORANDUM AND ORDER

ELIZA P., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT.

KIMBERLY A. KOLCH, UTICA, FOR PETITIONER-RESPONDENT.

MONICA R. BARILE, ATTORNEY FOR THE CHILD, NEW HARTFORD, FOR JHANELLE B.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered June 28, 2010 in a proceeding pursuant to Social Services Law § 384-b.  The order, inter alia, terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In each appeal, respondent mother appeals from respective orders revoking a suspended judgment and terminating her parental rights with respect to her three children.  Contrary to the mother's contention, Family Court did not err in failing to conduct a dispositional hearing on the best interests of the children following her admission that she failed to comply with the conditions of the suspended judgments.  Indeed, the record establishes that the court "had already considered their best interests when it suspended judgment and indicated to [the mother] that if [s]he failed to comply with the conditions [her] parental rights could be terminated" (*Matter of Grace Q.*, 200 AD2d 894, 896; *see Matter of Shavira P.*, 283 AD2d 1027, 1028, *lv denied* 97 NY2d 604; *Matter of Brendan A.*, 278 AD2d 784, 784-785; *see generally* Family Ct Act § 633 [f]; 22 NYCRR 205.50 [d] [5]).  The court was not required to conduct a further dispositional hearing (*see Matter of Darren V.*, 61 AD3d 986, 986-987, *lv denied* 12 NY3d 715; *Matter of Christopher J.*, 60 AD3d 1402, 1403; *Shavira P.*, 283 AD2d at 1028; *Brendan A.*, 278 AD2d at 785), inasmuch as matters considered in regard to a parent's violation of a suspended judgment are part of the dispositional stage in permanent neglect proceedings (*see Christopher J.*, 60 AD3d at 1403; *Matter of Seandell L.*, 57 AD3d 1511, 1511, *lv denied* 12 NY3d 708; *Matter of Saboor C.*, 303 AD2d 1022,

1023).  In addition, we conclude that the court did not abuse its discretion in declining to do so, and we note that in fact the mother did not request a hearing.  Further, the record establishes that the children have spent almost their entire lives in foster care and were in a placement that was an adoptive resource, and that the mother has been unwilling to confront her chemical dependency issues, which was a central concern that led to the removal of the children.  We thus conclude that the court's determination to terminate her parental rights was in the children's best interests (*see Matter of Clifton ZZ.*, 75 AD3d 683, 685; *Darren V.*, 61 AD3d at 988; *Matter of Lord-El T.*, 260 AD2d 955, 956; *Grace Q.*, 200 AD2d at 896).  The mother's remaining contentions are either not preserved for our review or are without merit.

Entered:  March 16, 2012                        Frances E. Cafarell
                                               Clerk of the Court