■ In the Matter of CHANTEAU M.R.W., Also Known as CHANTEAU R. CHILDREN'S AID SOCIETY et al., Respondents; PAMELA R.B., Appellant, et al., Respondent. [956 NYS2d 505]—

"The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions" (*Matter of Ricky Joseph V.*, 24 AD3d 683, 684 [2005]; *see Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006, 1008 [2012]; *Matter of Nicholas S. [Rhonda S.]*, 78 AD3d 841, 842 [2010]; *Matter of Ayame O.-M.*, 63 AD3d 1069, 1070 [2009]). Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with at least one of the conditions of the suspended judgment during the one-year term (*see Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Jysier E.K.J.L. [Christina D.L.]*, 88 AD3d 792, 793 [2011]; *Matter of Nicholas S. [Rhonda S.]*, 78 AD3d at 842; *Matter of Ricky Joseph V.*, 24 AD3d at 684).

Contrary to the mother's contention, the petitioners were not required to prove that they had exercised diligent efforts to reunify the mother and child since the mother had previously admitted that she permanently neglected the subject child (*see Matter of Ayame O.-M.*, 63 AD3d at 1071; *Matter of Fard Saleem G.*, 297 AD2d 677, 678 [2002]).

Moreover, the evidence adduced at the dispositional hearing supported the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption (*see* Family Ct Act § 631; *Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Nicholas S.*

*[Rhonda S.]*, 78 AD3d at 842; *Matter of Ayame O.-M.*, 63 AD3d at 1071; *Matter of Ricky Joseph V.*, 24 AD3d at 684).

The mother's remaining contention is without merit. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.