# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

566

CAF 13-01303

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF EMILY A.
----------------------------------------
LIVINGSTON COUNTY DEPARTMENT OF SOCIAL                MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

GINA A., RESPONDENT-APPELLANT,
AND BRIAN H., RESPONDENT.
(APPEAL NO. 1.)

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO (KELIANN M. ARGY OF COUNSEL), FOR RESPONDENT-APPELLANT.

SUSAN JAMES, ATTORNEY FOR THE CHILD, WATERLOO.

---

Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered June 3, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, continued the subject child's placement with petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order in a proceeding pursuant to Family Court Act article 10 that, inter alia, changed the permanency goal for the subject child to placement for adoption. In appeal No. 2, the mother appeals from an order in a proceeding pursuant to Social Services Law § 384-b that revoked a suspended judgment after a hearing and terminated her parental rights with respect to the child. We note at the outset that, contrary to the contention of the foster parents, the mother's appeals are not moot.

The mother contends in both appeals that she was denied due process and a fair trial because Family Court undertook the "role of a prosecutor" and demonstrated "a bias against her." We reject that contention. It is well settled that a "trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1132, *lv denied* 11 NY3d 708 [internal quotation marks omitted]). In this case, we conclude that the Judge neither abused nor exceeded his authority to question witnesses, or to elicit and clarify testimony (*see Matter of Stanziano v Stanziano*, 235 AD2d 845, 846), and we observe that "[a]cting in the best interests and

welfare of [the child] is not a denial of due process to the parent[]" (*Matter of Rockland County Dept. of Social Servs. v Brian McM.*, 193 AD2d 121, 124-125).

Contrary to the mother's contention in appeal No. 2, it was not necessary that a party file a notice of motion and motion to revoke the suspended judgment in order for the court, on its own initiative, to conduct a hearing on that issue (*see Matter of Kim Shantae M.*, 221 AD2d 199, 200). Although 22 NYCRR 205.50 (d) (1) provides a procedural mechanism for an interested party to raise alleged violations of a suspended judgment, that provision does not limit or restrict the court's authority to initiate such a proceeding in its role as parens patriae (*see Finlay v Finlay*, 240 NY 429, 434). Nor does that provision limit a court's inherent authority to vacate its own judgments (*see Amy M. v Leland C.*, 8 Misc 3d 1011[A], 2005 NY Slip Op 51021[U], *3 [Fam Ct, Monroe County 2005]). Our determination with respect to the above contention renders academic the mother's technical challenges to the form of the motion papers served on behalf of the foster parents.

We reject the mother's further contention in appeal No. 2 that it was premature to terminate her parental rights. Family Court has the authority to revoke a suspended judgment after a hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (*see Matter of Aaron S.*, 15 AD3d 585, 586; *Matter of Judith D.*, 307 AD2d 311, 312, *lv denied* 1 NY3d 505). Here, the preponderance of the evidence at the hearing established that the mother knowingly and willfully violated certain conditions of the suspended judgment and that termination of the mother's parental rights was in the best interests of the child (*see* Social Services Law § 384-b [1] [b]; [4] [d]; Family Ct Act § 631; *see also Matter of Jhanelle B. [Eliza P.]*, 93 AD3d 1201, 1201-1202, *lv denied* 19 NY3d 805; *Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 685). Contrary to the mother's final contention in appeal No. 2, the court did not abuse or improvidently exercise its discretion in declining to extend the suspended judgment (*see* Family Ct Act § 633 [b]; *Matter of Lestariyah A. [Demetrious L.]*, 89 AD3d 1420, 1420-1421; *Matter of Ricky Joseph V.*, 24 AD3d 683, 684).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court