Matter of Skyler B. (Crystal M.B.) (2019 NY Slip Op 08089)





Matter of Skyler B. (Crystal M.B.)


2019 NY Slip Op 08089


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1101 CAF 18-00439

[*1]IN THE MATTER OF SKYLER B. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CRYSTAL M.B., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
PAULA A. CAMPBELL, BATAVIA, FOR PETITIONER-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 27, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these four appeals, respondent mother appeals from respective orders revoking a suspended judgment and terminating her parental rights with respect to the four subject children. We affirm in each appeal.
Less than three months after entry of the suspended judgment, which Family Court had granted for a period of 12 months, petitioner moved to revoke it based on the mother's alleged failure to comply with numerous conditions of the suspended judgment. Inasmuch as petitioner was not required to wait 12 months until the suspended judgment expired before filing its motion (see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1618 [4th Dept 2018], lv denied 32 NY3d 912 [2019]), we reject the mother's contention that the court should have granted her additional time to demonstrate compliance with the suspended judgment. Contrary to the mother's further contention, there is a sound and substantial basis in the record to support the court's determination that the mother failed to comply with the terms of the suspended judgment and that it is in the children's best interests to terminate her parental rights (see Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1664 [4th Dept 2018], lv denied 32 NY3d 917 [2019]; Matter of Amanda M. [George M.], 140 AD3d 1677, 1678 [4th Dept 2016]; Matter of Jhanelle B. [Eliza P.], 93 AD3d 1201, 1201-1202
[4th Dept 2012], lv denied 19 NY3d 805 [2012]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court