Matter of Sameeya H. L. W. (Renee L.) (2022 NY Slip Op 04555)

Matter of Sameeya H. L. W. (Renee L.)

2022 NY Slip Op 04555

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08428
 (Docket Nos. B-24053-12, B-24054-12, B-2778-13)

[*1]In the Matter of Sameeya H. L. W. (Anonymous). Sheltering Arms Children & Family Services, petitioner-respondent; Renee L. (Anonymous), respondent-appellant, et al, respondent. (Proceeding No. 1)
In the Matter of Nazeek N. W. (Anonymous). Sheltering Arms Children & Family Services, petitioner-respondent; Renee L. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Damear W. (Anonymous). Sheltering Arms Children & Family Services, petitioner-respondent; Renee L. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3)

Rhonda R. Weir, Brooklyn, NY, for respondent-appellant.
Dawn M. Shammas, Bronx, NY, for petitioner-respondent.
Jennifer Arditi, Maspeth, NY, attorney for the children Sameeya H. L. W. and Damear W.
Robert Marinelli, New York, NY, attorney for the child Nazeek N. W.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated September 10, 2020. The order, insofar as appealed from, after a hearing, revoked an order of suspended judgment of the same court entered June 6, 2014, terminated the mother's parental rights to the subject children, and freed the children for adoption.
ORDERED that the order dated September 10, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. An order of suspended judgment was entered on June 6, 2014, upon the mother's admission to permanent neglect, and the suspended judgment was extended in 2015. In 2017, the Family Court determined, inter alia, that [*2]the mother willfully violated the terms of the suspended judgment. After combined dispositional and permanency hearings held between 2018 and 2020, the court, inter alia, terminated the mother's parental rights to the subject children and freed the children for adoption. The mother appeals.
"An order of disposition shall be made . . . solely on the basis of the best interests of the child[ren], and there shall be no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631; see Matter of Ashantewa P.W.L. [Doris L.], 174 AD3d 714, 714; Matter of Markel C. [Kwanza H.], 172 AD3d 709, 710; Matter of Skyler G. [Heather G.], 157 AD3d 787, 788). Contrary to the mother's contention, the petitioner was not required to prove that it had exercised diligent efforts to strengthen the parental relationship, as the mother had previously admitted that she permanently neglected the subject children (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129, 1129; Matter of Ayame O.-M., 63 AD3d 1069, 1071).
Here, the record supports the Family Court's determination that termination of the mother's parental rights to the subject children and freeing the children for adoption was in the best interests of the children (see Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687; Matter of Ashantewa P.W.L. [Doris L.], 174 AD3d at 714-715; cf. Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court